**Dr. Richard BECHTLE, Respondent,**

v.

**ADBAR COMPANY, L.C., Appellant.**

**No. ED 76401.**

Missouri Court of Appeals,
Eastern District,
Division Five.

April 4, 2000.

Eugene Portman, Wrenn Terrill Kates, Clayton, for appellant.

Jay L. Kanzler, Jr., Lisa Anne Houdy-shell, St. Louis, for respondent.

LAWRENCE G. CRAHAN, Judge.

▓ Adbar Company, L.C. ("Purchaser") appeals the entry of summary judgment as to liability only on Dr. Richard Bechtle's ("Seller") claim for slander of title.[1] We affirm in part and reverse and remand in part.

---

1. Although the trial court entered summary judgment in favor of Seller on Counts I and II of his petition, and in favor of Seller on Counts I, II, and III of Purchaser's counterclaim, Purchaser only alleges error with Count I regarding the slander of title issue. Therefore, Purchaser has waived its right to appeal with respect to all counts other than Count I. *Robinson v. May Dept. Stores Co.,* 723 S.W.2d 603, 605 (Mo.App.1987).

The facts are essentially undisputed.[2] On December 19, 1997, Seller and Purchaser, by its managing partners Keith Barket ("Barket") and Steven Adelman ("Adelman"), entered into a written agreement for the purchase of an office building ("Property") owned by Seller for the price of $450,000.00. This original written agreement provided, in part:

> Seller may terminate this Contract if the purchase of the Turley Martin 1031 Exchange property, of which Seller is currently one of the Purchasers becomes void on or before January 2, 1998 and Seller gives written notice of such voiding to [Hilliker Corporation] Purchaser on or before said date at sellers free choice if seller is unsatisfied with the exchange property.

It is undisputed that one of the primary considerations for Seller in entering into this real estate transaction centered on the tax implications resulting therefrom. He was willing to sell the Property if he could find a like-kind property so that he could defer any taxes that might be owed.[3] The exchange property that was being considered at that time was the McDonald's restaurant at Westport Plaza in St. Louis County.

Seller exercised his termination right on January 2, 1998. On that same day, however, the parties entered into a subsequent agreement entitled First Amendment to Sale Contract ("First Amendment"). This agreement extended the time for Seller to locate a replacement property, and contained the following language, in relevant part:

> In the event that, for any reason, Seller is not able to obtain a binding, legally enforceable contract for acquisition of 1031 Exchange property, which contract and the property, the price, and the terms and conditions must be satisfactory to Seller, in Seller's sole judgment and discretion, on or before January 29, 1998, Seller may, at Seller's option, terminate the Sale Contract by giving to Purchaser written notice of termination on or before January 29, 1998.

Seller was unable to acquire what he considered to be a satisfactory replacement property and on January 20, 1998, pursuant to the terms of the First Amendment notified Purchaser in writing that he was electing to terminate the agreement. Purchaser does not dispute that it received this notice within the requisite timeframe.

However, on January 30, 1998, Adelman, acting on behalf of Purchaser, recorded a "Notice" with the St. Louis County Recorder of Deeds, which stated, in relevant part:

> Pursuant to said Sale Contract, as amended, the undersigned purchaser, Adbar Company, L.C., has the right to acquire fee title to the above described real property.

Seller requested that Purchaser withdraw and release the Notice from the records office, but it refused to do so.

On March 3, 1998, Seller filed a petition alleging Purchaser slandered the title to the Property by filing the Notice, which contained statements that were false at the time they were published, and made with the knowledge that they were false. Seller also sought declaratory judgment as to his right to terminate the sales contract. Purchaser counterclaimed for specific performance of the sales contract, a declaratory judgment, and damages, asserting that

---

2. Although Purchaser claims to dispute certain facts, a review of the record, including the motions, affidavits, and depositions submitted to the trial court on the summary judgment issue, reveals the only real dispute involves the liability of the individual managers of Purchaser and the legal conclusions to be drawn from the parties' actions. The parties agree that Barket and Adelman, in their individual capacities, are not parties to this appeal. Thus, any reference to their alleged individual liabilities will be omitted.

3. It appears from the record that a tax in the sum of approximately $129,000.00 would be imposed upon Seller if an exchange property qualifying for an IRS 1031 exemption was not procured.

Seller had no right to unilaterally terminate the contract due to his breach of the covenant of good faith inherent in the contract, and further asserting that Seller wrongfully, intentionally and fraudulently cancelled the sales contract because he was looking for other buyers for the Property while under contract to Purchaser.

Seller then filed a motion for summary judgment on both counts of his petition, and on all counts of Purchaser's counterclaim. On May 18, 1999, the trial court granted the motion for summary judgment, as to liability only, in favor of Seller and against Purchaser on all counts of both petitions. The trial court certified the judgment as final for purposes of appeal. Purchaser appeals only the trial court's grant of summary judgment on Seller's slander of title claim.

When we consider an appeal from summary judgment, we review the record in a light most favorable to the party against whom the judgment was entered. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo.banc 1993). Review is essentially de novo. *Id.*

■ The burden of persuasion is on the moving party to demonstrate a lack of genuine factual issues. *Strickland v. Taco Bell Corp.*, 849 S.W.2d 127, 131 (Mo.App. 1993). When a motion for summary judgment is made and supported by a showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or otherwise, shall set forth specific facts showing that there is a genuine issue for trial. *ITT*, 854 S.W.2d at 381. Thus, once a movant has met his burden, the non-movant's only recourse is to show—by affidavit, depositions, answers to interrogatories, or admissions on file—that one or more of the material facts shown by the movant to be above any genuine dispute is, in fact, genuinely disputed. *Id.* A "genuine issue" is a dispute that is real, not argumentative, imaginary or frivolous. *Id.* at 382.

■ On appeal, Purchaser argues the trial court erred in granting Seller's motion for summary judgment on Count I of his petition because Seller failed to prove he was entitled to judgment as a matter of law as to all of the essential elements required to recover on an action for slander of title. Under Missouri law, a claim of slander of title requires the plaintiff to demonstrate: 1) some interest in the property, 2) that the words published were false, 3) that the words were maliciously published, and 4) that he suffered pecuniary loss or injury as a result of the false statement. *Kennedy v. Kennedy,* 819 S.W.2d 406, 409 (Mo.App.1991). Although Purchaser claims Seller failed to establish he was entitled to judgment as a matter of law as to all but the first element, we find the element of malicious publication to be dispositive and need not address Purchaser's other contentions.

■ In its second subpoint, Purchaser alleges there is a genuine issue of material fact as to whether the Notice was filed maliciously. An action for slander of title cannot exist without a malicious intent. *Tongay v. Franklin County Mercantile Bank,* 735 S.W.2d 766, 770 (Mo.App.1987). Purchaser claims the trial court erred in granting summary judgment because a jury was entitled to make this determination, as proof of falsity is not proof of malice. *Westhouse v. Biondo,* 990 S.W.2d 68, 72 (Mo.App.1999). We agree.

In support of the motion for summary judgment, Seller attached the portion of Adelman's deposition wherein he was asked why the Notice was filed when he knew Seller had previously notified Purchaser of his termination of the contract. Adelman responded that "if we can't get the property then no one is going to get it for now." Seller argues that this statement proves malice on the part of Purchaser in filing the Notice. In response, Purchaser states that it had a reasonable

belief that it had a right to protect its interest in the property based on its belief that Seller had improperly terminated the contract by breaching the covenant of good faith implied in the contract.

 To infer the existence of malice, the evidence of plaintiffs must support a reasonable inference that the representation not only was without legal justification or excuse, but also was not innocently or ignorantly made. *Tongay,* 735 S.W.2d at 770. Such inference may rest on a foundation of circumstantial evidence and proof of a lack of probable cause would support an inference that the representation was not innocently made out of stupidity or ignorance but was known to be false. *Id.* Where there is sufficient evidence or where there may be a fair difference of opinion on the issue of malice, the question whether the defendant in an action for slander of title was actuated by malice is one of fact for the jury. *Id.* In *Tongay,* this Court stated that in a slander of title action, whether the defendant acted with malice is a jury question where a fair difference of opinion exists on the issue of malice. *Id.*

In the present case, even if the Notice was false when it was filed, a jury could nonetheless find that Purchaser did not act with malicious intent. A fair reading of the entire deposition portion of Adelman submitted by Seller in support of its motion would support a finding that Purchaser believed it had a right to protect its colorable interest in the property until a legal determination could be made. It is undisputed that Purchaser's representatives were real estate professionals, and not attorneys. Although the evidence cited by Seller would certainly support a contrary finding, it does not establish that Purchaser acted with malice as a matter of law.

Accordingly, we hold that the trial court erred in entering summary judgment in favor of Seller on Count I of his petition and reverse and remand that count for further proceedings consistent with this opinion. In all other respects, the judgment is affirmed.

MARY RHODES RUSSELL, C.J., Concurs.

ROBERT E. CRIST, Sr. J., Concurs.