**Angela JOHNSON, Appellant,**

v.

**Dan LESTER and Lesco Enterprises, Respondents.**

**No. ED 79344.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 26, 2002.

Linda F. Jarman, St. Louis, MO, for appellant.

Christopher M. Smith, St. Louis, MO, for respondent.

ROBERT G. DOWD, JR., Judge.

Angela Johnson (Buyer) appeals from the judgment of the trial court awarding Dan Lester and Lesco Enterprises (collectively referred to as Seller) $1,046.53. Because we find the judgment of the trial court is not a final judgment, we dismiss the appeal.

Buyer purchased a used 1993 Mitsubishi car from Seller at a purchase price of $6,000.00. Buyer paid $5,600.00 and signed a promissory note for the $400.00 balance. There was a 50/50 warranty on the car for 30 days or 1,000 miles, meaning Seller would pay 50 percent of the parts and labor for any repair covered under the warranty. Within 8 days of the sale, the car developed a transmission problem. Seller repaired the problem by putting in a reconditioned transmission in the car. The cost of the transmission repair was $3,120.84. Seller presented Buyer with a bill in the amount of $1,560.42 representing her 50 percent of the cost of the repair.

Buyer and Seller signed an agreement that Buyer would pay $200.00 a month to pay for the cost of the repair, and Seller agreed not to charge a finance fee or interest.

Buyer continued to experience problems with the car. Buyer obtained a diagnosis by an independent company stating the car had an electrical problem. Electrical problems were not covered under the warranty. Buyer took the car to a Mitsubishi dealership, where it was determined that a sensor was disconnected causing the electrical problem. The sensor was plugged back in. The dealership also found that the car needed a new transmission at a cost of more than $3,000.00. Buyer notified Seller and gave him a copy of the diagnosis.

Buyer contacted an attorney who wrote a letter to Seller dated June 23, 2000, to advise him that the car continued to have problems and the document showing the need for a new transmission. Buyer's attorney also advised Seller that Buyer would make her final payment on the purchase price of $400.00 within 14 days and that Buyer was disputing the repair bill. On July 5, 2000, Buyer paid $400.00 to Seller. Seven days later, Seller repossessed the car.

Buyer filed suit against Seller containing separate counts for breach of warranty and conversion. Buyer requested the return of her $6,000.00 or the car, together with damages and compensation for loss of personal items in the car when it was towed. Seller filed a counterclaim to recover the remaining cost of the repair, requesting $1,160.42, an amount calculated by taking the total repair bill of $1560.42 and reducing it by the $400.00 paid by Buyer.

The matter was heard before the trial court without a jury. At trial, Buyer testified she wanted the return of her $6,000.00, stating she did not want the car. Seller testified that the $400.00 Buyer paid went toward the transmission repair bill and that Buyer still owed $400.00 on the purchase price at the time of the repossession. Seller also testified that he and others did not find a transmission problem with the car upon testing after the repossession.

In its judgment, the trial court awarded Seller $1,560.42 less $513.90 awarded to Buyer, for a total award of $1,046.52 to Seller. The judgment of the trial court read as follows:

The Court finds in favor of Defendants D. Lester and LESCO Ent. and against Plaintiff A. Johnson (for $1,560.42). The Court also finds the issues in favor of Plaintiff A. Johnson and against Defendants D. Lester and LESCO Ent. (for $513.90).

It is therefore Ordered and Adjudges that D. Lester and LESCO Ent. have and recover of A. Johnson the sum of $1,046.52.

Buyer filed a motion to amend the judgment or in the alternative, motion for new trial claiming the trial court failed to address the issue of the car or the $6,000, and that the award unjustly enriched Seller because Buyer would be giving him over $7,000.00 and Buyer did not even have the car. The trial court denied Buyer's motion. Buyer now appeals.

We only address Buyer's first point on appeal as it is dispositive. Buyer argues the trial court's judgment is not a final judgment because it fails to dispose of all the issues. Seller contends the judgment implicitly resolves all the issues. We agree with Buyer and find that the judgment does not dispose of all the issues and therefore is not a final judgment.

In order for an appeal to lie there must be a final judgment. Section 512.020, RSMo 2000. A final judgment is one that disposes of all parties and issues in the case and leaves nothing to future determination. *In re Marriage of Werths*, 33 S.W.3d 541, 542 (Mo. banc 2000). The court may enter a judgment as to one or more but fewer than all the claims or parties only upon an express determination that there is no just reason for delay. Rule 74.01(b); *Jefferson v. Bick*, 840 S.W.2d 890, 891 (Mo.App. E.D.1992).

A review of the record in the case reveals that the trial court's judgment does not dispose of all issues and, therefore, is not appealable. Here, Buyer filed a petition for breach of warranty and conversion of the car. The trial court's judgment finds in favor of Seller on his counterclaim for the repair costs in the amount of $1,560.42 less $513.90 awarded to Buyer for personal items left in the car. The judgment is silent as to Buyer's conversion claim for the car or the return of the $6,000.00 purchase price of the car. Accordingly, the trial court did not dispose of all the issues in the action below.

Furthermore, the trial court did not make a finding that there is no just reason for delay in entering judgment on fewer than all the claims. As a result, there can be no determination of the issues on appeal.

Appeal dismissed.

CRANDALL, P.J., and CRANE, J., concur.