E.C.E., INC., Respondent,

v.

Suzanne and Thomas JEFFREY, and
Vera Buehrle, Appellants.

No. ED 80830.

Missouri Court of Appeals,
Eastern District,
Division One.

April 29, 2003.

Daniel E. Wilke, St. Louis, MO, for appellant.

E.C.E., Inc., St. Louis, pro se.

ROBERT G. DOWD, JR., Presiding Judge.

Thomas Jeffrey (Jeffrey) appeals from the trial court's order granting E.C.E., Inc., a new trial on the issue of punitive damages for slander of title. Jeffrey also appeals the trial court's judgment converting the motion to dismiss into one for summary judgment and granting of summary judgment in favor of E.C.E., Inc., on Jeffrey's counts for slander of title and punitive damages based on res judicata. Jeffrey argues the trial court erred in granting E.C.E., Inc.'s, motion for a new trial based on instructional error because the error was not preserved. Jeffrey contends the trial court erred in granting summary judgment in favor of E.C.E., Inc., on the slander of title and punitive damages counts of Jeffrey's counterclaim after the grant of a new trial because res judicata is not applicable under the circumstances. We dismiss Jeffrey's point claiming trial court error in the grant of a new trial. We reverse the trial court's grant of summary judgment on Jeffrey's count for slander of title and reverse the grant of summary judgment on Jeffrey's count for punitive damages for slander of title and remand the punitive damages issue for further proceedings.

## BACKGROUND

Jeffrey and E.C.E., Inc., entered into a contract to perform demolition and hauling services on Jeffrey's real property. A dispute arose as to whether the work was completed and Jeffrey refused to pay E.C.E., Inc., which resulted in the filing of a mechanic's lien against Jeffrey's proper-ty. On February 17, 1999, E.C.E., Inc., filed a petition for enforcement of a mechanic's lien, Count I; breach of contract, Count II; and quantum meruit, Count III, against Jeffrey and his wife, Suzanne Jeffrey, and Vera Buehrle.[1] Jeffrey filed a counterclaim[2] alleging Count I, prima facie tort; Count II, abuse of process; Count III, slander of title; and Count IV, punitive damages.[3] In his slander of title count, Jeffrey alleged E.C.E., Inc., filed a mechanic's lien claiming false dates when E.C.E., Inc., was on Jeffrey's property to adhere to the six-month deadline to file a mechanic's lien. The trial court granted directed verdicts in favor of E.C.E., Inc., on Count I and Count II of Jeffrey's counterclaim. The remaining counts were submitted to the jury. The jury found in favor of Jeffrey and his wife on E.C.E., Inc.'s, counts for enforcement of a mechanic's lien and breach of contract.[4] The jury also found for Jeffrey on Counts III and Count IV of his counterclaim. The jury awarded Jeffrey $100 in actual damages and $25,000 in punitive damages, and the trial court entered a judgment pursuant to the jury verdict on June 1, 2000.

On September 18, 2000, upon motion for a new trial filed by E.C.E., Inc., claiming instructional error, the trial court granted a new trial on the punitive damages issue for slander of title only. Prior to the new trial on punitive damages issue, E.C.E., Inc., filed several motions to dismiss Counts III, slander of title, and Count IV, punitive damages. The trial court denied E.C.E., Inc.'s, motions to dismiss. Thereafter, on November 10, 2001, E.C.E., Inc.,

1. All claims against Vera Buehrle were dismissed by the trial court.

2. Jeffrey's wife, Suzanne Jeffrey, did not join in the counterclaim.

3. The instant case will be referred to as Jeffrey I while its companion case in the circuit court, *Thomas Jeffrey v. Edgar E. Cathers, Jr.,* (99CC 00233) will be referred to as Jeffrey II.

4. The trial court dismissed E.C.E., Inc.'s, quantum meruit count.

filed a motion to dismiss based on res judicata from the dismissal of Jeffrey II. E.C.E., Inc., titled its motion "Plaintiff's Third Motion to Dismiss Counts III and IV of Defendant's Counterclaim *Because of Res Judicata.*" (Emphasis in the original). To its motion, E.C.E., Inc., attached a copy of the second amended petition filed by Jeffrey in Jeffrey II and the trial court's judgment granting dismissal.[5]

In Jeffrey II, Jeffrey filed a petition, followed by a second amended petition, against the president of E.C.E., Inc., Edgar E. Cathers, Jr. (Cathers), on July 7, 1999. Count I was for fraudulent misrepresentation with Count II a request for punitive damages for fraudulent misrepresentation. Count III was a claim of abuse of process with Count IV a request for punitive damages for abuse of process. Count V was for slander of title with Count VI a request for punitive damages for slander of title. Cathers filed a motion to dismiss Jeffrey's second amended petition alleging Jeffrey's petition failed to state a cause of action. Specifically, Cathers alleged Jeffrey's claims for slander of title and punitive damages for slander of title failed to state a cause of action because (a) the actions complained of were the alleged actions of E.C.E., Inc., (b) a mechanic's lien claim is absolutely privileged so long as suit to enforce the lien is timely filed, (c) Jeffrey failed to join an indispensable party in that the real estate was owned by a married couple as tenants by the entirety and as such both must be made parties for an alleged injury to their property, and (d) the actions complained of are barred by the doctrine of collateral estoppel and res judicata in that they were litigated and a directed verdict was sustained in favor of E.C.E., Inc., in another proceeding.[6] The trial court granted Cathers's motion and dismissed Jeffrey's petition without explanation.[7]

Thereafter, the trial court here entered an order and judgment granting E.C.E., Inc.'s, motion to dismiss stating:

> "Plaintiff's Third Motion to Dismiss Counts III and IV of Defendant's Counterclaim *Because of Res Judicata* " (plaintiff's emphasis) is called for hearing. Parties appear by counsel. Motion argued and submitted. Motion sustained.

Jeffrey now appeals the grant of a new trial and subsequent dismissal.[8]

## DISCUSSION

### I. Grant of New Trial

■ In his first point, Jeffrey argues the trial court erred in granting E.C.E., Inc.'s, motion for a new trial based on instructional error. Specifically, Jeffrey contends the submission of M.A.I. 3.01 was invited error in that E.C.E., Inc., submitted the instruction for burden of proof and then failed to object to its submission pursuant to Rule 70.03 as it applied to Jeffrey's punitive damages count. The trial court granted E.C.E., Inc.'s, motion for a

---

5. Jeffrey filed a motion to file a supplemental legal file consisting of the legal file from Jeffrey II. The motion was taken with the case and is now granted.

6. We note that Cathers's motion mistakenly states E.C.E., Inc., received directed verdicts on these counts. The judgment shows the jury entered verdicts in favor of Jeffrey on his slander of title and accompanying punitive damages counts.

7. Jeffrey appealed the trial court's dismissal of Jeffrey II. The decision in *Jeffrey v. Cathers*, 104 S.W.3d 424 (Mo.App. E.D. 2003), is being handed down simultaneously with this opinion.

8. We note that we are without the benefit of a respondent's brief from E.C.E., Inc.

new trial on September 18, 2000. Jeffrey did not appeal the trial court's grant of a new trial at that time. Instead, Jeffrey brings his challenge to the trial court's grant of a new trial with the appeal from the dismissal of Counts III and IV of its counterclaim entered January 25, 2002. Jeffrey should have appealed the trial court's grant of a new trial immediately after it was entered. Jeffrey did not do so. Jeffrey cannot now appeal after the trial court took further action in the case and dismissed the counts. *See Rogers v. Bond,* 839 S.W.2d 292, 293 (Mo. banc 1992) (citing *Jones v. Columbia Mut. Ins. Co.,* 636 S.W.2d 132, 133–34 (Mo.App. W.D. 1982)). Jeffrey's point is dismissed.

## II. Dismissal of Punitive Damages Count Based on Res Judicata

Now, we turn to the dismissal of Jeffrey's counts after the grant of a new trial. In his second point, Jeffrey argues the trial court erred in dismissing both the slander of title and punitive damages counts of Jeffrey's counterclaim based on res judicata.

### A. Jurisdiction

First, we must sua sponte determine our jurisdiction over Jeffrey's appeal because the trial court's dismissal did not indicate whether the dismissal was with prejudice. A dismissal failing to indicate that it is with prejudice is deemed to be without prejudice. Rule 67.03; *Balke v. Ream,* 983 S.W.2d 579, 580 (Mo.App. W.D. 1998). The general rule is that a dismissal without prejudice is not a final judgment and, therefore, cannot be appealed. *Osuji v. Missouri Dept. of Social Services,* 34 S.W.3d 251, 253 (Mo.App. E.D.2000). A party can, however, appeal from a dismissal without prejudice if the dismissal has the practical effect of terminating the action in the form cast. *Id.* The dismissal

has this practical effect, and thus, we have jurisdiction to hear this appeal.

### B. Standard of Review—Motion to Dismiss/Summary Judgment

Although titled a "motion to dismiss," E.C.E., Inc., attached to its motion the second amended petition from Jeffrey II and the trial court's judgment dismissing Jeffrey's petition in Jeffrey II. A determination as to the validity of the grounds asserted in E.C.E., Inc.'s, motion to dismiss necessarily depends on proof of the prior judgment. Res judicata is an affirmative defense that is not self-proving; evidence to support the defense must be adduced. *WEA Crestwood Plaza, L.L.C. v. Flamers Charburgers, Inc.,* 24 S.W.3d 1, 5 (Mo.App. E.D.2000). Because a determination of res judicata necessarily depends on proof of the prior judgment, we will review that portion of Cathers's motion as one for summary judgment. *Id.* In reviewing whether a grant of summary judgment was proper, we must view the record in the light most favorable to the party against whom the summary judgment was entered. *ITT Commerical Fin. Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). That party is accorded the benefit of all reasonable inferences that may be drawn from the record. *Id.* Because the granting or denial of a motion for summary judgment is purely an issue of law, and because the trial court's decision is founded on the same record we are to consider, we need not give the trial court's judgment any deference. *Id.* As such, our review of the trial court's judgment is essentially de novo. *Id.*

### C. Analysis

We find the trial court improperly granted E.C.E., Inc.'s, motion for summary judgment based on res judicata. Be-

cause of our appellate decision in *Jeffrey v. Cathers*, 104 S.W.3d 424 (Mo.App. E.D. 2003), finding the trial court's dismissal of Jeffrey's counts for slander of title and punitive damages for slander of title in Jeffrey II was in error, we find the trial court's grant of summary judgment in favor of E.C.E., Inc., on Jeffrey's slander of title and punitive damages counts in this case based on res judicata also in error. As a matter of law, res judicata does not apply.

## CONCLUSION

We dismiss Jeffrey's point alleging trial court error in granting the motion for new trial because it was not timely filed. The trial court's grant of summary judgment in favor of E.C.E., Inc., on Jeffrey's slander of title count is reversed. The trial court's grant of summary judgment in favor of E.C.E., Inc., on Jeffrey's punitive damages for slander of title count is reversed and the issue of punitive damages is remanded for further proceedings.

HOFF, J., and DRAPER, J., concur.