**Thomas JEFFREY, Appellant,**

v.

**Edgar E. CATHERS, Jr., Respondent.**

**No. ED 80418.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 29, 2003.

Daniel E. Wilke, St. Louis, MO, for appellant.

Edgar E. Cathers, St. Louis, pro se.

ROBERT G. DOWD, JR., Presiding Judge.

Thomas Jeffrey (Jeffrey) appeals from the trial court's dismissal of his petition against Edgar E. Cathers, Jr. (Cathers). On appeal, Jeffrey contends the trial court erred in dismissing his petition. We reverse and remand in part.

## BACKGROUND

Jeffrey and E.C.E., Inc., through its president, Cathers, entered into a contract to perform demolition and hauling services on Jeffrey's real property. A dispute arose as to whether the work was completed and Jeffrey refused to pay E.C.E., Inc., which resulted in the filing of a mechanic's lien against Jeffrey's property. On July 7, 1999, Jeffrey filed a petition against Cathers, the president of E.C.E., Inc. In a second amended petition filed June 5, 2001, Jeffrey brought six counts against Cathers.[1] Count I was for fraudulent misrepresentation with Count II a request for punitive damages for fraudulent misrepresentation. Count III was a claim of abuse of process with Count IV a request for punitive damages for abuse of process. Count V was for slander of title with Count VI a request for punitive damages for slander of title. In his claim for slander of title, Jeffrey alleged Cathers altered the contract to add notice of lien language and then recorded the mechanic's lien pursuant to the altered contract.

On July 20, 2001, Cathers filed a motion to dismiss Jeffrey's second amended petition. Cathers alleged Counts I and II failed to state a cause of action because (a) the actions complained of were the alleged actions of E.C.E., Inc., (b) the actions complained of are barred by the doctrine of collateral estoppel and res judicata in that they were litigated and a directed verdict was sustained in favor of E.C.E., Inc., in another proceeding, and (c) the trial court previously dismissed the claim in response to Cathers's motion to dismiss Jeffrey's first amended petition. Cathers further alleged Counts III and IV failed to state a cause of action because (a) the actions complained of were the alleged actions of E.C.E., Inc., (b) the actions complained of are barred by the doctrine of collateral estoppel and res judicata in that they were litigated and a directed verdict was sustained in favor of E.C.E., Inc., in another

---

1. The instant case will be referred to as Jeffrey II while its companion case in the circuit court, *E.C.E., Inc. v. Suzanne and Thomas Jeffrey, et. al,* (99CC–4385) will be referred to as Jeffrey I.

proceeding, and (c) there was no allegation that the suit was filed other than for the purpose of collecting the debt due. Finally, Cathers alleged Counts V and VI failed to state a cause of action because (a) the actions complained of were the alleged actions of E.C.E., Inc., (b) a mechanic's lien claim is absolutely privileged so long as suit to enforce the lien is timely filed, (c) Jeffrey failed to join an indispensable party in that the real estate was owned by a married couple as tenants by the entirety and as such both must be made parties for an alleged injury to their property, and (d) the actions complained of are barred by the doctrine of collateral estoppel and res judicata in that they were litigated and a directed verdict was sustained in favor of E.C.E., Inc., in another proceeding.[2]

To its motion to dismiss, Cathers attached a June 1, 2000 judgment from Jeffrey I, entered after a jury trial.[3] In Jeffrey I, E.C.E., Inc., filed a petition to enforce a mechanic's lien, breach of contract, and quantum meruit against Jeffrey and his wife, Suzanne Jeffrey, and Vera Buehrle.[4] The jury found in favor of Jeffrey and his wife on E.C.E., Inc.'s, counts for mechanic's lien and breach of contract and the trial court dismissed E.C.E., Inc.'s, claim for quantum meruit. Jeffrey also filed a counterclaim against E.C.E., Inc.[5]

The trial court granted directed verdicts in favor of E.C.E., Inc., on Count I, prima facie tort, and Count II, abuse of process, of Jeffrey's counterclaim. The jury found for Jeffrey on Count III, slander of title, and Count IV, punitive damages for slander of title, of his counterclaim. The jury awarded Jeffrey $100 in actual damages and $25,000 in punitive damages. On September 18, 2000, upon motion for new trial filed by E.C.E., Inc., claiming instructional error, the trial court granted a new trial on the punitive damages issue for slander of title.[6] The trial court in Jeffrey II was only provided the judgment from Jeffrey I and was not informed that the motion for new trial on the punitive damages issue for slander of title had been granted.

On October 10, 2001, the trial court sustained Cathers's motion to dismiss Jeffrey's second amended petition without explanation. Jeffrey appeals the dismissal.[7]

## DISCUSSION

### I. Jurisdiction

First, we must determine our jurisdiction over Jeffrey's appeal because the trial court's dismissal of Jeffrey's second amended petition did not indicate whether the dismissal was with prejudice.

2. We note that Cathers's motion mistakenly states E.C.E., Inc., received directed verdicts on these counts in Jeffrey I. The judgment from Jeffrey I shows the jury entered verdicts in favor of Jeffrey on his slander of title and accompanying punitive damages counts.

3. Jeffrey filed motions to file a supplemental legal file and supplemental record on appeal pertaining to Jeffrey I. The motions were taken with the case and are now granted as these materials help determine the appropriate disposition of this case.

4. All claims against Vera Buehrle were dismissed by the trial court.

5. Suzanne Jeffrey did not join in the counterclaim.

6. The trial court eventually granted E.C.E., Inc.'s, motion to dismiss Jeffrey's punitive damages count based on res judicata because of the dismissal of Jeffrey's second amended petition in Jeffrey II. Jeffrey appealed the trial court's grant of a new trial on the punitive damages count and the subsequent dismissal in Jeffrey I. The decision in *E.C.E., Inc. v. Jeffrey*, 104 S.W.3d 420 (Mo.App. E.D. 2003), is being handed down simultaneously with this opinion.

7. We note that we are without the benefit of a respondent's brief from Cathers.

Jeffrey contends the judgment is not final because it was not dismissed with prejudice. A dismissal failing to indicate that it is with prejudice is deemed to be without prejudice. Rule 67.03; *Balke v. Ream*, 983 S.W.2d 579, 580 (Mo.App. W.D.1998). The general rule is that a dismissal without prejudice is not a final judgment and, therefore cannot be appealed. *Osuji v. Missouri Dept. of Social Services*, 34 S.W.3d 251, 253 (Mo.App. E.D.2000). A party can, however, appeal from a dismissal without prejudice if the dismissal has the practical effect of terminating the action in the form cast. *Id.* The dismissal for failure to state a cause of action has this practical effect, and thus, we have jurisdiction to hear this appeal.

## II. Standard of Review

In his brief, Jeffrey suggests the possibility that the trial court treated the motion to dismiss as one for summary judgment. In his motion, Cathers asserted, inter alia, that Jeffrey's claims were barred by res judicata and attached a copy of the judgment from Jeffrey I to his motion to dismiss. Because a determination of res judicata necessarily depends on proof of the prior judgment, we will review that portion of Cathers's motion as one for summary judgment, even though the trial court did not give notice of the conversion under Rule 55.27. *WEA Crestwood Plaza, L.L.C. v. Flamers Charburgers, Inc.*, 24 S.W.3d 1, 5 (Mo.App. E.D.2000). In reviewing whether a grant of summary judgment was proper, we must view the record in the light most favorable to the party against whom the summary judgment was entered. *ITT Commerical Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). That party is accorded the benefit of all reasonable inferences that may be drawn from the record. *Id.* Because the granting or denial of a motion for summary judgment

is purely an issue of law, and because the trial court's decision is founded on the same record we are to consider, we need not give the trial court's judgment any deference. *Id.* As such, our review of the trial court's judgment is essentially de novo. *Id.*

The remainder of Cathers's motion, whether Jeffrey's claim stated a cause of action, absolute privilege, and indispensable party, will be treated as a motion to dismiss because a determination of the validity of these grounds does not require outside material and none was provided to the trial court. When reviewing the trial court's dismissal of a petition, this court determines if the facts pleaded and the inferences reasonably drawn therefrom state any ground for relief. *Wheelehan v. Dueker*, 996 S.W.2d 780, 781 (Mo.App. E.D.1999). We treat all facts alleged as true and construe allegations liberally and favorably to the plaintiff. *Id.* A petition will not be dismissed for failure to state a claim if any set of facts asserted which, if proved, would entitle the plaintiff to relief. *Vickers v. Progressive Cas. Ins. Co.*, 979 S.W.2d 200, 202 (Mo.App. E.D.1998). When the trial court fails to specify its reason for dismissing the petition, we presume the trial court acted for one of the reasons stated in the motion to dismiss. *Shores v. Express Lending Services, Inc.*, 998 S.W.2d 122, 125 (Mo.App. E.D.1999).

## III. Motion to Dismiss/Summary Judgment

In his sole point, Jeffrey contends the trial court erred in sustaining Cathers's motion to dismiss. However, in his argument, Jeffrey limits his claims of error to the slander of title count with the accompanying punitive damages count. Thus, we will only address whether dismissal was appropriate as to the slander of

title and punitive damages counts.[8] Jeffrey argues the trial court erred in sustaining the motion to dismiss because (1) he pleaded a cause of action for slander of title, (2) filing a mechanic's lien is not absolutely privileged, (3) his wife, Suzanne Jeffrey, was not an indispensable party, and (4) Cathers was not entitled to dismissal based on the grounds of collateral estoppel or res judicata.

## A. Slander of Title Count—Does it State a Cause of Action

 Under Missouri law, a claim of slander of title requires the plaintiff to demonstrate: (1) some interest in the property, (2) that the words published were false, (3) that the words were maliciously published, and (4) that the plaintiff suffered pecuniary loss or injury as a result of the false statement. *Bechtle v. Adbar Co., L.C.*, 14 S.W.3d 725, 728 (Mo. App. E.D.2000). In his petition, Jeffrey pleaded:

2. Plaintiff is the title owner of the specific real property identified in Count I of this Petition.

3. Defendant received a signed contract from Plaintiff relating to demolition and hauling services.

4. Defendant thereafter wrongfully altered the contract to add notice of lien language.

5. Defendant thereafter recorded or directed that such altered document be recorded with St. Louis County.

6. The recording of such altered document was without the consent and permission of Plaintiff, and [D]efendant's actions taken herein were without legal justification or excuse, and were done with malicious intent.

7. The recording of such altered document placed a lien on the property of Plaintiff, causing pecuniary loss and injury to Plaintiff.

8. As a direct and proximate result of Defendant's conduct as described herein, Plaintiff has suffered pecuniary loss in that Plaintiff was prevented from obtaining funds set aside for him at Midwest Disbursing and lost the use of said funds for a certain period of time, has incurred fees and costs in connection with the aforementioned mechanic's lien. Such fees and costs were avoidable in whole or in part, but for Defendant's actions.

Jeffrey requested damages of more than $25,000. In Count VI of his petition, Jeffrey requested punitive damages for the actions of Cathers set out in Count V.

Reviewing Jeffrey's petition liberally, we conclude Counts V and VI of Jeffrey's petition state a cause of action for slander of title.

## B. Absolute Privilege

However, we must now decide whether Cathers's actions, as alleged in Jeffrey's count were privileged. In his motion to dismiss, Cathers asserted that there was an absolute privilege to his mechanic's lien. If privileged, Jeffrey's count would not state a cause of action.

██ We have found no case that provides an absolute privilege for the filing of a mechanic's lien. The only case where an absolute privilege has been found against a slander of title action involves a notice of lis pendens under Section 527.260, RSMo 2000, in a civil suit making equitable claims involving real estate, the recordation of which is absolutely privileged when the notice has a reasonable relation to the

---

8. Any claim of error as to the dismissal of other counts in the second amended petition are deemed abandoned. *Eagle ex rel. Estate*

*of Eagle v. Redmond*, 80 S.W.3d 920, 924 (Mo.App. W.D.2002).

action filed. *Houska v. Frederick*, 447 S.W.2d 514, 518–19 (Mo.1969). Here, in contrast to the filing of a lis pendens notice, we cannot say the filing of the mechanic's lien is absolutely privileged. Thus, the trial court could not have relied on Cathers's contention of absolute privilege as the basis for the granting of the motion to dismiss.

## C. Indispensable Party

Cathers also asserted in his motion to dismiss that dismissal was proper because Jeffrey's wife, Suzanne Jeffrey, was not joined as a necessary and indispensable party. Cathers argued as a joint owner of the property Suzanne Jeffrey was indispensable to the action. However, Rule 52.04(a) requires that if a party is deemed indispensable and has not been joined, the trial court "shall order that the person be made a party." Here, without deciding whether Suzanne Jeffrey is an indispensable party, there is no indication that the trial court ordered Suzanne Jeffrey to be made a party to the lawsuit or that joinder of Suzanne Jeffrey was not feasible, therefore, requiring dismissal. Dismissal of Jeffrey's claim based on nonjoinder of an indispensable party would not have been appropriate.

## D. Collateral Estoppel and Res Judicata

Next we must determine whether Jeffrey's counts for slander of title and accompanying punitive damages are barred by the doctrines of collateral estoppel and res judicata as argued in Cathers's motion to dismiss. The doctrine of collateral estoppel, or issue preclusion, precludes the same parties or those in privity from relitigating issues that were necessarily and unambiguously decided in a previous judgment. *Norwine v. Norwine*, 75 S.W.3d 340, 343 (Mo.App. S.D.

2002). The doctrine of res judicata, or claim preclusion, operates as a bar to the reassertion of a cause of action that has been previously adjudicated between the same litigants or those in privity with them. *Id.* For either doctrine to apply, a final judgment on the merits must have been rendered involving the same claim or issue sought to be precluded in the cause in question. *Robin Farms, Inc. v. Beeler*, 991 S.W.2d 182, 185 (Mo.App. W.D.1999).

We review this issue on the summary judgment standard. Cathers had to demonstrate on the basis of facts as to which there was no genuine dispute, a right to judgment as a matter of law. Cathers failed to meet this burden in several respects. First, as previously noted, Cathers asserted that a directed verdict had been entered in favor of E.C.E., Inc. on Jeffrey's slander of title claim in Jeffrey I. Cathers supported this motion only with a copy of the judgment from Jeffrey I. The judgment recited the disposition of the claims in Jeffrey I by reference only to the number of the counts. There was nothing in the Jeffrey I judgment that identified the cause of action with a particular count. Neither did Cathers attach a copy of the petition from Jeffrey I to the motion to dismiss. Thus, there was nothing in the summary judgment record to support Cathers's claim that there had been a directed verdict on the slander of title count in E.C.E., Inc.'s favor. Neither was there anything in the summary judgment record which would support a finding that there was an identity of either issues or causes of action or even that there was a final judgment. Consequently, summary judgment in favor of Cathers on the slander of title and punitive damages counts based on collateral estoppel or res judicata would not have been appropriate.

Moreover, we know from Jeffrey I that there was not a directed verdict

against Jeffrey on the slander of title count. Cathers did not make a claim that it was entitled to res judicata or collateral estoppel on the basis of Jeffrey's slander of title judgment in his favor against E.C.E., Inc. in Jeffrey I and hence we do not address a theory not presented to the trial court. We also know from Jeffrey I there was no final judgment on the merits. A final judgment is one that disposes of all parties and issues in a case and leaves nothing for further determination. *Johnson v. Lester*, 71 S.W.3d 240, 242 (Mo.App. E.D.2002). In Jeffrey I, the jury entered a verdict in favor of Jeffrey on the slander of title and punitive damages claim. However, the trial court granted a new trial as to the punitive damages issue for slander of title. Thus, in its present posture, the judgment is not final because the issue of punitive damages is still pending. *See Brown v. Lanrich, Inc.*, 950 S.W.2d 235, 237 (Mo.App. E.D.1997). At the time the trial court dismissed Jeffrey's petition, there was not a judgment on the merits from the prior adjudication in Jeffrey I.

## CONCLUSION

Accordingly, because there are no grounds in Cathers's motion to dismiss to sustain the dismissal or summary judgment in favor of Cathers on the slander of title and punitive damages counts, we reverse the trial court's dismissal of those counts. The cause is remanded to the trial court for further proceedings on the issue of slander of title and punitive damages for slander of title.

HOFF and DRAPER, JJ., concur.