CIS COMMUNICATIONS, L.L.C.,
Plaintiff/Appellant,

v.

COUNTY OF JEFFERSON, Missouri,
Defendant/Respondent.

No. ED 85778.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 15, 2005.

Michael Crawford Seamands, St. Louis, MO, for appellant.

John N. Borbonus III, St. Louis, MO, for respondent.

## SHERRI B. SULLIVAN, J.

### Introduction

CIS Communications, L.L.C. (CIS) appeals from a trial court judgment granting a motion to dismiss based upon *res judicata* filed by the County of Jefferson, Missouri (County) and dismissing with prejudice a petition filed by CIS against County alleging inverse condemnation/temporary taking and violations of substantive due process, equal protection, and 42 U.S.C. 1983. We affirm in part and reverse in part and remand for further proceedings.

### Factual and Procedural Background

CIS develops sites for telecommunications carriers, including building, maintaining, and operating wireless communications towers, and leasing antenna space on such towers to multiple telecommunications carriers. In accordance with the provisions of County's Zoning Code and the Federal Telecommunications Act of 1996 (FTCA), 47 U.S.C. 332 *et seq.*, CIS submitted to County an application for a conditional use permit to construct a telecommunications tower. County denied the application.

CIS filed a five-count second amended complaint against County in the United States District Court, Eastern District of Missouri (District Court) (Federal Lawsuit). The counts sought injunctive relief in the form of the issuance of a conditional use permit to CIS in accordance with its application for County's alleged violations of certain provisions under the FTCA and state law due to the denial of the application. Thereafter, CIS filed a second motion for partial summary judgment with the District Court, which the District Court granted as to one count alleging unreasonable discrimination under the FTCA, and thereby ordered County to issue the conditional use permit to CIS. CIS voluntarily dismissed without prejudice the remaining counts of its second amended complaint.

Subsequently, CIS filed a four-count petition seeking damages against County in the Circuit Court of Jefferson County (Circuit Court) alleging inverse condemnation/temporary taking and violations of substantive due process, equal protection, and 42 U.S.C.1983 (State Lawsuit). County filed a motion to dismiss the petition, alleging that CIS's claims in the State Lawsuit were barred by the doctrine of *res judicata* based on the Federal Lawsuit. After a hearing, the Circuit Court granted the motion to dismiss and dismissed the petition with prejudice. In its judgment, the Circuit Court included the following analysis:

> Count I presents a more complex problem. [CIS] contends that it could not have raised its inverse condemnation claim in the [Federal Lawsuit] because it had not exhausted its remedies under state law with respect to this claim. [County] counters by arguing that the

District Court had jurisdiction to entertain this claim under the provisions of 28 U.S.C. 1367(a). The Court agrees with [County]. It is the Court's opinion that the cases relied upon by [CIS] are not persuasive on this issue. Under 28 U.S.C. 1367(c)(1) it appears that the District Court could have declined to exercise jurisdiction if it believed the inverse condemnation claim raised 'a novel or complex issue under state law.' [CIS] could have and should have given the District Court the opportunity to decide this issue. The interests of judicial economy demand that parties avoid litigating the same issues a second time whenever possible. Likewise, [County] should be spared the inconvenience and expense of again litigating that which should have been decided in the first lawsuit.

CIS appeals only from that portion of the judgment relating to the dismissal of Count I (inverse condemnation/temporary taking) of the petition.

### Discussion

In its point on appeal, CIS argues that the Circuit Court erred in granting the motion to dismiss as to Count I (inverse condemnation/temporary taking) of the petition based on *res judicata* because the claim was not ripe at the time CIS filed the Federal Lawsuit, and therefore the District Court did not have subject matter jurisdiction to hear the claim.

■■■ We review the trial court's judgment *de novo. E.C.E., Inc. v. Jeffrey*, 104 S.W.3d 420, 423 (Mo.App. E.D.2003). The doctrine of *res judicata* precludes relitigation of a claim formerly made. *Chesterfield Village, Inc. v. City of Chesterfield*, 64 S.W.3d 315, 318 (Mo. banc 2002). The doctrine precludes not only those issues on which the court in the former case was required to pronounce judgment, but to every point properly belonging to the subject matter of litigation and which the parties, · exercising reasonable diligence, might have brought forward at the time. *Id.* Claims that could have been raised by a prevailing party in the former case are merged into, and are thus barred by, the first judgment. *Id.*

■ CIS relies on *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), to support its argument. In *Williamson*, the Supreme Court held that for a taking claim under the Just Compensation Clause of the Fifth Amendment to be ripe, a party must seek and be denied just compensation "through the procedures the State has provided for doing so." *Id.* at 194, 105 S.Ct. 3108. This requirement presumes the state "provides an adequate procedure for seeking just compensation." *Id.* at 195, 105 S.Ct. 3108. Missouri provides an adequate procedure for seeking just compensation, namely, an inverse condemnation claim. *See Ressel v. Scott County*, 927 S.W.2d 518, 520 (Mo.App. E.D.1996).

County maintains that because CIS did not raise a Fifth Amendment taking claim in the Federal Lawsuit, *Williamson* does not apply, and the District Court could have adjudicated a state inverse condemnation claim pursuant to its supplemental jurisdiction under 28 U.S.C. 1367. We find this to be a distinction with no material significance because even if CIS had asserted a Fifth Amendment taking claim in the Federal Lawsuit, it would not have been ripe in that CIS had not yet sought just compensation through a state inverse condemnation claim. Additionally, we find a recent District Court case instructive. In *Owens v. City of St. Louis*, No. 4:03 CV 52 RWS, 2005 WL 2033425, at *6 (E.D.Mo. Aug.18, 2005), the plaintiffs brought a procedural due process claim, a Fifth Amend-

ment taking claim and a state inverse condemnation claim. The District Court granted summary judgment on the procedural due process claim, dismissed the Fifth Amendment taking claim as not ripe for federal adjudication, and dismissed the state inverse condemnation claim because "the law requires that this claim must be exhausted in state court." [1] In dismissing the state inverse condemnation claim, the District Court did not base its decision on whether or not it could hear the issue under its supplemental jurisdiction. Rather, the District Court dismissed the state inverse condemnation claim because the claim "must be exhausted in state court." [2] Therefore, we cannot conclude that CIS reasonably should or could have raised its state inverse condemnation claim in the Federal Lawsuit. Further, were we to have so concluded, we may have required an action that could have foreclosed a future Fifth Amendment taking claim by CIS in federal court. *See Kottschade v. City of Rochester*, 319 F.3d 1038, 1041–1042 (8th Cir.2003).

Moreover, although courts throughout the country have interpreted *Williamson's* holding in various ways, we agree with the rationale supporting the holding, namely, that the local entity from which a plaintiff seeks recovery should be the one to deny just compensation. *See Samaad v. City of Dallas*, 940 F.2d 925, 934 (5th Cir.1991). In other words, the state should have an opportunity to award or to deny just compensation. Therefore, in fairness, we cannot penalize CIS for exercising reasonable diligence in reliance on United States Supreme Court precedent and for reasonably attempting to comply with a structure, right or wrong, required by the United States Supreme Court to ripen a Fifth Amendment taking claim.

We note that in a recent United States Supreme Court decision, *San Remo Hotel, L.P. v. City and County of San Francisco, California*, —— U.S. ——, —— – ——, 125 S.Ct. 2491, 2506–2510, 162 L.Ed.2d 315 (2005), the Court, in both the main opinion and the concurring opinion, refers to *Williamson* as specifically requiring state *court* litigation. The Court also stated that *Williamson* does not preclude state courts from hearing simultaneously a plaintiff's request for compensation under state law and the claim that, in the alternative, the denial of compensation would violate the Fifth Amendment. *Id.* at ——, at 2506.

Accordingly, we cannot conclude that CIS reasonably should or could have raised its state inverse condemnation claim in the Federal Lawsuit, and therefore, the claim is not barred by *res judicata* in the State Lawsuit. Thus, the Circuit Court erred in granting the motion to dismiss as to Count I (inverse condemnation/temporary taking) of the petition based on *res judicata*. CIS's point on appeal is granted.

*Conclusion*

The judgment of the trial court is reversed as to Count I (inverse condemnation/temporary taking) of the petition and remanded for further proceedings. In all

---

1. The District Court also declined to exercise its supplemental jurisdiction over a cross-claim for fraud under state law because the plaintiffs still needed to litigate issues in state court concerning the case. Therefore, the District Court dismissed the fraud claim without prejudice.

2. We note that a plaintiff requested the District Court to bifurcate the case and rule on the state inverse condemnation claim first, but the District Court declined to do so because "the law requires that this claim must be exhausted in state court."

other respects, the judgment of the trial court is affirmed.

NANNETTE A. BAKER, P.J., and ROBERT G. DOWD, JR., concur.