DAVIS STREET LAND COMPANY OF MISSOURI III, LLC, Plaintiff,

v.

PUBLIC WATER SUPPLY DISTRICT NO. 2 of St. Charles County, Missouri, Defendant/Respondent,

and

City of O'Fallon, Missouri, Defendant/Appellant.

No. ED 90906.

Missouri Court of Appeals, Eastern District, Division Five.

April 15, 2008.

Kevin M. O'Keefe, Clayton, MO, for appellant.

Jesse W. Ullom, Chesterfield, Mark C. Piontek, Washington, MO, for respondents.

PATRICIA L. COHEN, Chief Judge.

City of O'Fallon (O'Fallon) appeals from a summary judgment in favor of Public Water Supply District No. 2 of St. Charles County (PWSD No. 2) on its cross-claim for breach of contract and injunction. The appeal is dismissed.

Davis Street Land Company of Missouri III, LLC (Davis) filed a petition against both O'Fallon and PWSD No. 2 in two counts, declaratory judgment and injunction. Plaintiff sought a determination that both defendants were required to provide wastewater collection and treatment service to Davis's real estate. Davis also sought an injunction enjoining the defendants from refusing wastewater services to it. PWSD No. 2 filed a cross-claim against O'Fallon for breach of contract and injunc-

tion, seeking relief under a contract between PWSD No. 2 and O'Fallon, arguing that O'Fallon does not have the ability under the terms of the contract, to regulate the flow of sewage or treatment of sewage. The cross-claim alleged that O'Fallon had breached its agreement with PWSD No. 2 to accept all wastewater. PWSD No. 2 also sought an injunction against O'Fallon.

On January 17, 2008, the trial court entered a summary judgment in favor of PWSD No. 2 on both counts of its cross-claim against O'Fallon. The court entered an injunction against O'Fallon permanently enjoining it from, among other things, approving or disapproving PWSD's sanitary sewer users and to immediately take measures necessary to ensure that O'Fallon's wastewater treatment facility has adequate capacity to receive and treat all wastewater treatment referred to it by PWSD No. 2. The judgment specifically stated that the court reserved for future determination the amount of damages incurred by PWSD No. 2 on its breach of contract claim. O'Fallon filed this appeal.

An appellate court only has jurisdiction over final judgments that dispose of all parties and claims in the case and that leave nothing for future determination. Rule 74.01(b); *O'Neill v. O'Neill,* 864 S.W.2d 7, 8 (Mo.App. E.D.1993). If the trial court does not resolve all the issues as to all the parties or expressly designate "there is no just reason for delay" under Rule 74.01(b), then this Court does not have jurisdiction and the appeal must be dismissed. *Fleahman v. Fleahman,* 25 S.W.3d 162, 164 (Mo.App. E.D.1999).

The judgment here does not resolve all of the claims and parties in this case. First, it is unclear if the judgment resolved the counts of Davis's original petition for declaratory judgment and injunc-

tion. The judgment fails to mention these counts and the motion for summary judgment applied to the counts in PWSD No. 2's cross-claim against O'Fallon. Second, even if one could argue the counts of Davis's petition were implicitly resolved, the judgment leaves the question of damages on the breach of contract claim for future determination. Accordingly, there is no final, appealable judgment. *Jeffrey v. Cathers,* 104 S.W.3d 424, 431 (Mo.App. E.D.2003).

This Court issued an order directing O'Fallon to show cause why its appeal should not be dismissed for lack of final, appealable judgment. O'Fallon has not filed a response.

The appeal is dismissed for lack of a final, appealable judgment.

BOOKER T. SHAW and NANNETTE A. BAKER, JJ., Concur.