# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2280
_____

Arnold Lee Erickson; Marilyn E. Erickson; Michael D. Erickson; Julie M. Erickson

*Plaintiff*s

v.

Nationstar Mortgage, LLC, /Counterclaim *Plaintiff*/Third-Party *Plaintiff*, doing business as Mr. Cooper

*Defendant*

v.

Erickson Cabins, LLC

*Third Party Plaintiff - Appellant*

v.

Busey Bank; Garrett Bradley; Brian Schulte

*Third Party Defendant*s *- Appellee*s

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: February 17, 2022
Filed: April 20, 2022

_____

Before SMITH, Chief Judge, BENTON and KELLY, Circuit Judges.

_____

BENTON, Circuit Judge.

Erickson Cabin, LLC filed a third-party slander-of-title claim against various defendants under Missouri law. The district court[1] granted summary judgment for the defendants, finding that Erickson Cabin failed to establish a dispute of material fact on two required elements for slander of title. Having jurisdiction under 28 U.S.C. § 1291, this Court affirms.

I.

In 2006, Plaintiffs Arnold L., Marilyn E., Michael D., and Julie M. Erickson (collectively, "Ericksons") purchased a property in Putnam County, Missouri. On January 6, 2007, Michael and Arnold Erickson executed a Promissory Note for a loan. It listed as the lender Pulaski Bank, Savings Bank of St. Louis ("Pulaski Bank"). A few days later, the Ericksons executed a Deed of Trust on the property, listing Pulaski Bank as the "Grantee/Lender."

Soon after making a retail loan, Pulaski Bank's typical practice was to sell the loan to a third-party lender and record the sale through the Mortgage Electronic Registration Systems ("MERS") database. Pulaski Bank transferred the Ericksons' Promissory Note to Countrywide Bank, which eventually transferred it to Nationstar Mortgage LLC ("Nationstar"). Pulaski Bank, meanwhile, merged into Busey Bank, which became Pulaski Bank's successor in interest.

In February 2018, Edward E. Cox, an Iowa attorney, contacted Brian Schulte, a Busey Bank employee. Cox had identified Pulaski Bank as the holder of a lien

[1]The Honorable John M. Bodenhausen, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

under the Ericksons' January 2007 Deed of Trust, and asked Schulte to confirm the status of the deed and note. Schulte found no record of an active loan to the Ericksons. Assuming it had been paid off, he told Cox that the bank had no interest in the property and offered to execute a deed of release, which he prepared.

On March 5, 2018, Garrett Bradley, another Busey Bank employee, filed that "Full Deed of Release," dated February 21, 2018, on behalf of Busey Bank, completely releasing its interest in the property to the Ericksons. That document identified Busey Bank as "the undersigned present holder and legal owner of said Deed of Trust and note or notes" in the Ericksons' property. This statement was incorrect because Nationstar was, in fact, the owner of the note.

After Michael Erickson contacted Schulte and Bradley with concerns that Nationstar—not Busey Bank—held and owned the note, Busey Bank searched the MERS database and discovered Nationstar now owned the note. Neither Schulte nor Bradley had direct access to the MERS database; instead, other Busey Bank employees searched it. On April 20, 2018, Schulte emailed Michael Erickson, stating the results of the search, that Nationstar was the holder, and that he would "take whatever corrective action is necessary to maintain the integrity of Nationstar's lien."

On July 2, 2018, the Ericksons executed a "Quit Claim Deed" transferring all their rights to the property to Erickson Cabin, LLC, an entity they had formed.

On March 15, 2019, a "Title Resolution Specialist" at Martin Leigh law firm, Nationstar's successor trustee, contacted Schulte about the 2018 Full Release of Deed and provided a sample affidavit to undo the erroneous release.

On March 20, 2019, Bradley filed an "Affidavit of Erroneous Deed of Release" on behalf of Busey Bank. It declared "null and void" the March 5, 2018, Deed of Full Release, stating:

It was not the intent of the undersigned to release the Deed of Trust on said property, since the Deed of Trust Note and loan released to said Deed of Trust has not been paid and the release of said Deed of Trust was not authorized and was ineffective. The error made consists of:

The loan secured by aforementioned Deed of Trust was sold by Pulaski Bank, now known as Busey Bank, to Nationstar Mortgage LLC in the year 2007. Busey Bank held no ownership interest in the aforementioned Deed of Trust at the time the erroneous Full Deed of Release was recorded.

On May 1, 2019, Martin Leigh notified the Ericksons that it planned to sell the property at a trustee's sale on May 30, 2019.

On May 14, 2019, Erickson Cabin entered a contract for sale of the property with Charles and Jodie Sapper for a price of $125,000 and a closing date of June 21, 2019.

On May 23, 2019, the Ericksons sued Nationstar in state court to enjoin the May 30 trustee's sale. Nationstar filed a counterclaim and third-party petition for declaratory judgment, to quiet title, and to recover outstanding amounts due.

On July 30, 2019, the Sappers emailed the Ericksons, cancelling their purchase of the property and stating, "[T]he filings by Pulaski Bank, Busey Bank and or NationStar in March and April of this year are deemed to be clouds on the title by the insurance carrier and closing agent and hence our lender. It's impossible for us to proceed."

On September 13, 2019, in the state-court suit, Erickson Cabin filed a third-party claim for slander of title against Busey Bank, Schulte, and Bradley (collectively, "Busey Defendants"), as well as Nationstar.

On October 23, 2019, the Busey Defendants removed to federal court. After discovery, they filed for summary judgment, which the district court granted. Erickson Cabin appeals.

## II.

This Court reviews de novo a grant of summary judgment. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). "Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Id.* (quotations omitted). A fact is "material" if it may "affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "An issue is genuine if the evidence is sufficient to persuade a reasonable jury to return a verdict for the nonmoving party." *Schilf v. Eli Lilly & Co.*, 687 F.3d 947, 948 (8th Cir. 2012) (quotations omitted).

The party opposing summary judgment must "cit[e] particular materials in the record" or show that the "materials cited do not establish the . . . absence of a genuine dispute." Fed. R. Civ. P. 56(c)(1). "A mere 'scintilla of evidence' is insufficient to defeat summary judgment, and if a nonmoving party who has the burden of persuasion at trial does not present sufficient evidence as to any element of the cause of action, then summary judgment is appropriate." *Wagner v. Campbell*, 779 F.3d 761, 766 (8th Cir. 2015), *quoting* *Brunsting v. Lutsen Mountains Corp.*, 601 F.3d 813, 820 (8th Cir. 2010).

Similarly, if the movant has supported its motion for summary judgment, the party opposing summary judgment "may not simply rest on the hope of discrediting the movant's evidence at trial." *United States v. 3234 Washington Ave. N.*, 480 F.3d 841, 844 (8th Cir. 2007) ("*3234 Washington*"). Where the testimony of the movant's witnesses is critical, if the testimony is "positive, internally consistent, unequivocal, and in full accord with the documentary exhibits," "then the opposing party cannot force a trial merely to cross-examine the witness or in the hope that

something might turn up at the trial." ***Id.*** at 845 (quotations omitted); ***Nationwide Prop. & Cas. Ins. Co. v. Faircloth***, 845 F.3d 378, 382 (8th Cir. 2016).  But summary judgment is improper where specific facts "even partially" undermine the witness's credibility in a material way.  ***3234 Washington***, 480 F.3d at 845.

Missouri substantive law applies to this diversity suit.  *See, e.g.*, ***Brunsting***, 601 F.3d at 820.  Under Missouri law, a plaintiff must prove four elements for a slander of title claim:  (1) an interest in the property, (2) that the words published were false, (3) "that the words were maliciously published," and (4) that the plaintiff "suffered pecuniary loss" "as a result of the false statement." ***Bechtle v. Adbar Co., L.C.***, 14 S.W.3d 725, 728 (Mo. App. 2000); *see* ***Arbors at Sugar Creek Homeowners Ass'n v. Jefferson Bank & Tr. Co.***, 464 S.W.3d 177, 188 (Mo. banc 2015) ("Slander of title requires there be 'false words that are maliciously published, causing the plaintiff to suffer a pecuniary loss or injury.'" (quoting *First Nat. Bank of St. Louis v. Ricon, Inc.*, 311 S.W.3d 857, 864 (Mo. App. 2010) ("***Ricon***")).

The district court found the first two elements were met. The parties do not dispute them here.  Rather, Erickson Cabin's slander of title fails because it did not establish a dispute of material fact on the malice element.

"To infer the existence of malice, the evidence of plaintiffs must support a reasonable inference that the representation not only was without legal justification or excuse, but also was not innocently or ignorantly made." ***Bechtle***, 14 S.W.3d at 729.  A defendant who acts in good faith based on incorrect information does not act with malice.  *See* ***Ricon***, 311 S.W.3d at 868 (reversing summary judgment for plaintiff where a jury could find that defendant believed it had a "reasonable right" in the property, despite evidence showing it had no such right); *see also* ***Butts v. Long***, 80 S.W. 312, 313 (St. Louis Ct. App. 1904) ("[I]f, at the time he spoke, he supposed, in good faith, that he had such right, no liability is imposed. . . . [A] defendant, though acting stupidly, may have been prompted by innocent motive.").

Erickson Cabin has not produced sufficient evidence. The undisputed record shows that, before Busey Bank filed the 2018 Full Release of Deed:

- Cox, the Iowa attorney, had a record of the 2006 Pulaski Bank loan, but not of transfers or Nationstar's current ownership of the note.

- Bradley executed lien releases dozens of times during a typical week.

- Bradley and Schulte identified no records that Pulaski Bank or Busey Bank had current ownership in the property.

- Bradley and Schulte lacked direct access to and experience with the MERS database, and did not think to use it.

The undisputed record also shows that, after Busey Bank filed the 2018 Full Release of Deed:

- Schulte asked Busey Bank employees in another department to search the MERS database after Michael Erickson told him Nationstar held a valid interest in the property.

- That search confirmed Pulaski Bank had sold the note to the Erickson property.

- On April 30, 2018, Schulte emailed Michael Erickson, confirming that Nationstar in fact had the property interest, and stating he would "take whatever corrective action is necessary to maintain the integrity" of that interest.

- Schulte did not prepare the 2019 Affidavit of Erroneous Release until an employee at Martin Leigh, contacted him and provided a sample release. The affidavit was executed on March 20, 2019.

- On May 1, 2019, Martin Leigh notified the Ericksons of the impending sale of the property.

These undisputed facts reflect only an "innocently or ignorantly made" mistake. *See **Bechtle***, 14 S.W.3d at 729. They show that Schulte and Bradley made an error in their normal course of duties, that Schulte told Michael Erickson the error would be corrected as necessary, and that Busey Bank eventually corrected that error with its 2019 Affidavit when contacted by Martin Leigh. Erickson Cabin has produced no evidence that undermines the Busey Defendants' credibility, nor identified anything that suggests malice, or a reason for Busey Bank, Bradley, or Schulte to harbor ill-will. Erickson Cabin has not produced even a "scintilla" of contravening evidence. It "may not simply rest on the hope of discrediting [the defendants'] evidence at trial." ***3234 Washington***, 480 F.3d at 844.

Because Erickson Cabin failed to establish a genuine issue of material fact on a required element for its claim, this Court affirms summary judgment for the Busey Defendants.

* * * * * * *

The judgment is affirmed.

_____