**HUSSMANN CORPORATION,**
Plaintiff/Appellant,

v.

**UQM ELECTRONICS, INC.,**
Defendant/Respondent.

No. ED 85673.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 4, 2005.

Mark Jonathan Bremer, David Andrew Castleman—co-counsel, St. Louis, MO, for appellant.

Michael H. James, Paul N. Rechenberg—co-counsel, Chesterfield, MO, for respondent.

SHERRI B. SULLIVAN, J.

*Introduction*

Hussmann Corporation (Hussmann) appeals from a trial court judgment sustaining a motion to dismiss based upon res judicata and collateral estoppel filed by UQM Electronics, Inc. (UQM) and dismissing with prejudice a petition filed by Hussmann against UQM alleging breach of contract, breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for particular purpose. The judgment also denied as moot a motion for summary judgment filed by Hussmann. We affirm.

*Factual and Procedural Background*

Hussmann manufactures and retails commercial refrigeration units. UQM custom manufactures electronic parts. In May 2000, the parties entered into a contract under which UQM agreed to custom manufacture electronic ballasts designed by Hussmann for lighting Hussmann's refrigeration units. The contract specified scheduled quantities and delivery dates. By August 2000, UQM had failed to deliver the agreed upon quantities by the due dates because UQM did not receive sufficient component microchips necessary for manufacturing the electronic ballasts from its supplier. Accordingly, Hussmann cancelled the contract on August 29, 2000.

On June 10, 2002, in the circuit court of St. Louis County, UQM filed a Petition for Damages and Other Relief, thereafter amended, against Hussmann alleging breach of contract for inventory damages and lost profits and quantum meruit. Subsequently, Hussmann filed a four-count counterclaim alleging breach of contract, breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for particular purpose. Thereafter, Hussmann filed a motion for summary judgment in its favor on UQM's amended petition and on its counterclaim against UQM.

On January 12, 2004, Hussmann filed a Conditional Dismissal Stipulation stating:

> In the event the Court grants [Hussmann's] motion for summary judgment with respect to [UQM's] claims against [Hussmann], [Hussmann] stipulates that its counterclaims against [UQM] be voluntarily dismissed without prejudice pursuant to Rule 67.02.

On January 16, 2004, the trial court entered a judgment (Previous Judgment) sustaining Hussmann's motion for summary judgment regarding UQM's claims against Hussmann and dismissing UQM's claims with prejudice. The Previous Judgment also denied Hussmann's motion for summary judgment regarding its counterclaim, but found that a commercial impracticability existed, and therefore it dismissed with prejudice any of Hussmann's claims for damages affected by commercial impracticability. The Previous Judgment additionally dismissed without prejudice all other claims of Hussmann, per the Conditional Dismissal Stipulation filed by Huss-

mann. Neither party appealed the Previous Judgment.

On May 21, 2004, in the circuit court of St. Charles County, Hussmann filed a four-count Petition For Breach of Contract (Petition) against UQM alleging breach of contract, breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for particular purpose. The Petition sought to recover damages not affected by commercial impracticability, namely, scheduled quantities and non-deliveries due pre-contract cancellation. Alternatively, the Petition sought to recover all of Hussmann's damages, namely, all scheduled quantities and non-deliveries due under the contract, on the theory that the trial court had no jurisdiction to dismiss any of Hussmann's claims with prejudice in the Previous Judgment because of Hussmann's Conditional Dismissal Stipulation. UQM filed an Answer to the Petition.

Subsequently, Hussmann filed a Motion for Summary Judgment. Thereafter, UQM filed a Motion to Dismiss Hussmann's Petition, along with a memorandum of law in support of its motion, arguing that res judicata and collateral estoppel barred re-litigation of the claims alleged in Hussmann's Petition.

On December 17, 2004, the trial court entered a judgment (Current Judgment) sustaining UQM's Motion to Dismiss because the Previous Judgment "dismissed these same counterclaims with prejudice" and therefore Hussmann is "barred from refiling these actions on the basis of res judicata and collateral estoppel." Accordingly, the Current Judgment dismissed Hussmann's Petition with prejudice. The Current Judgment also denied as moot Hussmann's Motion for Summary Judgment.

## Discussion

Hussmann raises three points on appeal. In its first point, Hussmann argues that the trial court erred in dismissing Hussmann's claims based on res judicata in that the trial court was without jurisdiction to adjudicate Hussmann's claims in the Previous Judgment because Hussmann filed the Conditional Dismissal Stipulation.

We review this point *de novo*. *E.C.E., Inc. v. Jeffrey*, 104 S.W.3d 420, 423 (Mo. App. E.D.2003).

Preliminarily, we note that Hussmann's argument essentially is a collateral attack on the Previous Judgment in that it attempts to impeach the Previous Judgment in a proceeding not instituted for the express purpose of annulling the Previous Judgment. *See Travis v. Contico Int'l, Inc.*, 928 S.W.2d 367, 369 (Mo.App. E.D. 1996). Generally, collateral attacks upon final judgments are not allowed in part because of the need for finality and certainty in judicial decisions. *Taylor v. Taylor*, 47 S.W.3d 377, 384 (Mo.App. W.D. 2001). However, a void judgment may be collaterally attacked at any time in any proceeding in which it is sought to be enforced or in which its validity is questioned by anyone with whose rights or interests it conflicts. *Id.* A void judgment is one in which the court was without jurisdiction to enter the judgment. *J.L.M. v. R.L.C., Jr.*, 132 S.W.3d 279, 284 (Mo. App. W.D.2004). A void judgment is a legal nullity. *Travis*, 928 S.W.2d at 370. A void judgment can have no conclusive effect, either as res judicata or as an estoppel, because the proceeding that culminated in the void judgment was itself without integrity. *Wright v. Mullen*, 659 S.W.2d 261, 263 (Mo.App. W.D.1983).

Accordingly, we now proceed in determining whether or not the trial court was without jurisdiction to adjudicate Huss-

mann's claims in the Previous Judgment in light of the Conditional Dismissal Stipulation filed by Hussmann. Hussmann argues that the Conditional Dismissal Stipulation was a voluntary dismissal under Rule 67.02(a)[1] and that as such, the trial court lost jurisdiction to make any rulings affecting Hussmann's claims.

We disagree that the Conditional Dismissal Stipulation was a voluntary dismissal under Rule 67.02(a). To become effective, a voluntary dismissal under Rule 67.02(a) requires no further action, and in fact, prohibits any further action, of the trial court. *Freeman v. Leader Nat. Ins. Co.*, 58 S.W.3d 590, 595–596 (Mo.App. E.D. 2001). On the contrary, to become effective, the Conditional Dismissal Stipulation filed by Hussmann depended upon the trial court taking further action, namely, granting Hussmann's motion for summary judgment with respect to UQM's claims against Hussmann. Further, a voluntary dismissal under Rule 67.02(a) becomes effective as of the date it is filed. *Freeman*, 58 S.W.3d at 595. The Conditional Dismissal Stipulation could not have become effective as of the date it was filed because its effectiveness depended upon when the trial court ruled on Hussmann's summary judgment motion. Thus, the Conditional Dismissal Stipulation filed by Hussmann did not cause the trial court to lose jurisdiction to adjudicate Hussmann's claims in the Previous Judgment. The Conditional Dismissal Stipulation was, as its title indicates and as referred to by the trial court in the Previous Judgment as the basis for dismissing Hussmann's claims without prejudice, a "stipulation," not a voluntary dismissal under Rule 67.02(a).

Whether or not the trial court properly applied the Conditional Dismissal Stipulation, as a stipulation, in the Previous Judgment is an issue concerning the validity of the Previous Judgment, not associated with the court's jurisdiction. The validity of a judgment may only be impeached in an action by a formal appeal. *Travis*, 928 S.W.2d at 369. An erroneous judgment is subject to attack only through direct appeal, not through a collateral proceeding. *J.L.M.*, 132 S.W.3d at 284. Hussmann did not appeal from the Previous Judgment. Accordingly, Hussmann's point one on appeal is denied.

In its second point on appeal, Hussmann argues that even if res judicata applies, the trial court erred in dismissing Hussmann's claims because the Previous Judgment left intact any claims for damages not affected by commercial impracticability and Hussmann's claims for damages for pre-termination non-deliveries are not so affected in that UQM failed to give Hussmann the required notice of impracticability under Sections 400.2–615 and 400.2–616.[2]

We review this point *de novo*. *E.C.E., Inc.*, 104 S.W.3d at 423.

As summarized by Hussmann, Hussmann's argument is that even if commercial impracticability existed, it did not legally excuse UQM's pre-termination non-deliveries because UQM did not provide notice as required under Section 400.2–615.[3] This argument essentially attacks the Previous Judgment by claiming trial court error in finding a commercial impractica-

---

**1.** All rule references are to Mo. R. Civ. P.2005, unless otherwise indicated.

**2.** All statutory references are to RSMo 2000, unless otherwise indicated.

**3.** Section 400.2–615 provides in relevant part:
   (a) Delay in delivery or nondelivery in whole or in part by a seller who complies with paragraphs (b) and (c) is not a breach of his duty under a contract for sale if performance as agreed has been made impracticable . . . .
   (b) . . .
   (c) The seller must notify the buyer seasonably that there will be delay or nondelivery . . . .

bility existed because UQM provided no statutory notice. An erroneous judgment is subject to attack only through direct appeal, not through a collateral proceeding. *J.L.M.*, 132 S.W.3d at 284. Again, Hussmann did not appeal from the Previous Judgment. Accordingly, Hussmann's point two on appeal is denied.

In its third point on appeal, Hussmann argues that the trial court erred in denying Hussmann's Motion for Summary Judgment because as a matter of law and undisputed fact, UQM breached a valid and enforceable contract and Hussmann's minimum resulting pre-termination damages are arithmetically ascertainable.

Generally, an order denying a motion for summary judgment is not a final judgment and therefore is not reviewable on appeal. *Fischer v. City of Washington*, 55 S.W.3d 372, 381 (Mo.App. E.D.2001). In some instances, however, the denial of a motion for summary judgment may be reviewable on appeal where the merits of that motion are intertwined with the propriety of an appealable order granting summary judgment to another party. *Id.; Kaufman v. Bormaster*, 599 S.W.2d 35, 38 (Mo.App. E.D.1980). We need not determine whether such instance applies here, as we have already determined that the trial court did not err in granting UQM's Motion to Dismiss and thus reviewing the denial of Hussmann's Motion for Summary Judgment is moot. Accordingly, Hussmann's point three on appeal is denied as moot.

### Conclusion

The judgment of the trial court is affirmed.

NANNETTE A. BAKER, P.J., and ROBERT G. DOWD, JR., J., concur.