

## Missouri Court of Appeals
### Southern District
### Division Two

| | | |
|---|---|---|
| JOYCE COPLING, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. SD36609 |
| | ) | |
| AMERICAN FAMILY MUTUAL | ) | FILED: October 28, 2020 |
| INSURANCE COMPANY, S.I., | ) | |
| | ) | |
| Respondent. | ) | |

APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable John D. Beger, Judge

**AFFIRMED**

Joyce Copling ("Copling") appeals from the trial court's judgment denying her claims against American Family Mutual Insurance Company, S.I. ("American Family") for unpaid uninsured motorist coverage ("UM coverage") benefits.  In her single point, Copling contends that the American Family insurance policies at issue contain ambiguous UM coverage provisions that must be construed against American Family to provide Copling the broadest coverage within the policies' limits of liability.  Finding no such ambiguity, we affirm.

### Factual and Procedural Background

The parties jointly stipulated to the following facts.  On January 10, 2018, Copling was involved in a motor vehicle collision ("the collision") that was the direct and proximate result of the negligence of Sonia Sells ("Sells").  At the time of the collision, Copling was insured by and

1

had satisfied all conditions precedent under then in effect American Family insurance policies 11135683-02 ("policy 1"), 11135683-01 ("policy 2"), 2514-8551-01 ("policy 3"), 11135683-06 ("policy 4"), 1113-5683-03-63 ("policy 5"), and 41013-52859-86 ("policy 6") (all six policies are referred to collectively as "the policies").  When the collision occurred, Copling was driving a 2006 Ford Fusion, which was insured only under policy 1.  Sells meets each of the policies' definition of an uninsured motorist.  Each of the policies provide a limit of liability in its declarations of $100,000 per person for UM coverage.  American Family agreed to pay and paid Copling $225,000 in UM coverage benefits ($100,000 under policy 1 and $25,000 under each of the policies 2 through 6).  Copling incurred damages exceeding $600,000 from the collision.

Copling and American Family each filed competing motions for summary judgment. Because the material facts were uncontroverted, the only issue was whether, as a matter of law, the policies provided for UM coverage benefits in excess of the $225,000 that American Family had already paid.

As relevant here, policies 2 through 5[1] all contain the following identical provisions within their "UNINSURED MOTORIST COVERAGE – MISSOURI" endorsements:

C. INSURING AGREEMENT

1. **We** will pay compensatory damages for **bodily injury** which an **insured person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle**.

***

D. EXCLUSIONS

1. **We** do not provide coverage for **bodily injury** sustained by any **insured person**:  a. while **occupying**, or when struck by, a motor vehicle that is not

---

[1] American Family paid the $100,000 limit of liability as stated in the declarations of policy 1 and Copling concedes that policy 6 unambiguously provides only $25,000 in UM coverage, which American Family has already paid.  In this appeal, therefore, only policies 2-5 are in issue.

2

insured for this coverage under this policy if it is owned by **you** or any resident of **your** household [the "owned-vehicle exclusion"].

\*\*\*

If any uninsured motorist insurance law or financial responsibility law determines that any exclusion is unenforceable, **we** will provide only the minimum limits required by that law [the "minimum-financial-responsibility clause"]. If any other insurance provides coverage up to the minimum limits required, the provisions of this coverage remain unchanged [the "any-other-insurance clause"].

(Bracketed phrases added for reference only).

Copling, in her summary judgment motion, argued that the phrase "the provisions of this coverage remain unchanged" rendered the exclusionary provisions ambiguous as to the amount of UM coverage in the event of other insurance. This ambiguity, according to her argument, should be resolved in favor of full coverage, i.e., the $100,000 limit of liability as stated in the declarations in policies 1 through 5. Thus, when accounting for American Family's $100,000 payment under policy 1 and $25,000 payments under each of policies 2 through 5, Copling claimed that American Family was required to pay an additional $300,000 (consisting of the four $75,000 limit of liability remainders under each of policies 2 through 5).

In its motion, American Family countered that $225,000 was the correct amount of UM coverage benefits under the policies. It argued that the aforementioned policy provisions plainly and unambiguously provide for stacked coverage only up to the minimum financial responsibility limits under Missouri law.

The trial court granted American Family's motion for summary judgment, denied Copling's motion for summary judgment, and accordingly entered judgment in favor of American Family and against Copling. Copling timely appeals. In her sole point on appeal, Copling contends:

The trial court erred in granting [American Family]'s motion for summary judgment and denying [Copling]'s motion for summary judgment because

3

[American Family]'s exclusion … is ambiguous in that said exclusion further provides [in the any-other-insurance clause] that if "any other insurance provides coverage up to the minimum limits required … the provisions of this coverage remain unchanged;" and such ambiguity must be construed against [American Family] to provide coverage up to the full $100,000.00 limit of liability on each of the policies issued by [American Family] to [Copling] containing said language.

### Standard of Review

We review a trial court's grant of summary judgment *de novo* and view the record in the light most favorable to the party against whom judgment was entered. ***American Std. Ins. Co. v. Hargrave***, 34 S.W.3d 88, 89 (Mo. banc 2000). Summary judgment is appropriate where there is no genuine issue as to material fact and the movant is entitled to judgment as a matter of law. ***Id.***

Generally, the denial of a motion for summary judgment is not a final judgment and is therefore not subject to appellate review. ***Hussmann Corp. v. UQM Electronics, Inc.***, 172 S.W.3d 918, 922 (Mo.App. 2005). The denial of a motion for summary judgment, however, may be reviewable when the merits of the motion for summary judgment are "intertwined with the propriety of an appealable order granting summary judgment to another party." ***Id.***

Like with summary judgment, "[t]he interpretation of an insurance policy is a question of law that this Court also determines *de novo*." ***Seeck v. Geico General Ins. Co.***, 212 S.W.3d 129, 132 (Mo. banc 2007). "In construing the terms of an insurance policy, this Court applies the meaning which would be attached by an ordinary person of average understanding if purchasing insurance, and resolves ambiguities in favor of the insured." ***Id.*** (internal citation and quotation marks omitted). "An ambiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language of the policy." ***Id.*** "Absent an ambiguity, an insurance policy must be enforced according to its terms." ***Id.*** "The burden of showing that an exclusion to coverage applies is on the insurer." ***Manner v. Schiermeier***, 393 S.W.3d 58, 62 (Mo. banc 2013).

4

**Discussion**

Under Missouri law, an auto liability insurance policy must provide UM coverage. Section 379.203.1.[2] The minimum amount of that coverage, as applicable here, is $25,000 per person. Section 303.030.5.

Under each of policies 2 through 5, the owned-vehicle exclusion, purporting to completely deny Copling UM coverage if, as in the collision, she owned and occupied a vehicle not insured for coverage under those policies, is unenforceable up to the mandatory minimum amount of UM coverage required under section 303.030.5, but is otherwise enforceable as to any coverage exceeding the mandatory minimum amount. *Ezell v. Columbia Ins. Co.*, 942 S.W.2d 913, 919 (Mo.App. 1996). The minimum-financial-responsibility clause in each policy, therefore, provides UM coverage of $25,000. *See* section 303.030.5. Citing *Floyd-Tunnell v. Shelter Mut. Ins. Co.*, 439 S.W.3d. 215, 221 (Mo. banc 2014), Copling "acknowledges that [American Family] may limit its liability for uninsured motorist coverage in the event of [sic] any of its exclusions is deemed unenforceable, and that [American Family] will provide only the minimum limits required by that law.

This brings us to the any-other-insurance clause and whether it creates an ambiguity as to the UM coverage provided under each of policies 2 through 5. As noted *supra*, that clause begins with the phrase "If any other insurance provides coverage up to the minimum limits required," which establishes a condition precedent to the clause's applicability. No party disputes that this condition precedent is met here. If the condition precedent is met and the clause is applicable, as it is here, then it states that, "*the provisions of this coverage remain unchanged*." (Emphasis added.) The parties dispute the meaning of this latter operative

---

[2] All statutory references are to RSMo 2016.

5

statement. Although each cites us to cases in support of their respective interpretations, none of the cited cases are on point.[3] Moreover, our research has not found any case interpreting an auto insurance policy clause that is the same as or substantially similar to the any-other-insurance clause involved in this case. As such, the policy language dispute raised in this appeal appears to be one of first impression.

We first turn to Copling's argument. Noting that the term "provisions" is not defined in the policy, she initially posits that "it appears to refer to *all provisions* in the policy without exception." (Emphasis added.) Without any explanation as to why it would not so appear to an ordinary person of average understanding if purchasing insurance, Coping then pivots to argue that "[t]he only logical interpretation" of this term "is that in the event there is other insurance paying up to $25,000.00 (as in the present case) even if an exclusion is unenforceable, 'the provisions of this coverage' – *meaning the limit of liability of the UM coverage*, remain unchanged." (Emphasis added.) In light of these two constructions, Copling contends that the clause "is at a minimum deeply ambiguous."

In refuting Copling's ambiguity argument, American Family's response is consistent with Copling's *initial* suggested interpretation. It argues that, under the plain and unambiguous meaning of the any-other-insurance clause, if there are other policies providing UM coverage up to the minimum financial responsibility limits, the "UM policy provisions (plural) *all remain the same*—meaning American Family will enforce limits of liability and owned-vehicle exclusion, but will still pay the minimum financial responsibility limits[.]"

---

[3] Copling relies on ***Rice v. Shelter Mut. Ins. Co.***, 301 S.W.3d 43 (Mo. banc 2009), and American Family relies on ***Floyd-Tunnell v. Shelter Mut. Ins. Co.***, 439 S.W.3d 215 (Mo. banc 2014), and ***Johnson v. State Farm Mut. Auto. Ins. Co.***, 604 S.W.3d 875 (Mo.App. 2020).

As noted by American Family, the any-other-insurance clause utilizes the plural phrase, "the provisions of this coverage[,]" to describe what will "remain unchanged" in the event that the condition precedent, "[i]f any other insurance provides coverage up to the minimum limits required[,]" is satisfied. Because the phrase is plural, it refers to, at a minimum, more than one coverage provision. The phrase, furthermore, is not accompanied by any words of limitation that act to circumscribe the outer bounds of the phrase's applicability. Therefore, to an ordinary person of average understanding if purchasing insurance, the phrase plainly and unambiguously refers to *all* coverage provisions within the policy in which the phrase appears. Nothing about the phrase suggests, as Copling contends, that it could be read by such an ordinary person as *exclusively* referring to the limit of liability provision for UM coverage.

Copling, nevertheless, asserts that American Family's construction of the any-other-insurance clause strips it of any meaning. In supporting this assertion, Copling relies upon a rule of construction that "in interpreting an insurance contract, we must endeavor to give each provision a reasonable meaning and to avoid an interpretation that renders some provisions useless or redundant." *Cockerham v. American Family Mut. Ins. Co.*, 561 S.W.3d 862, 865 (Mo.App. 2018). This argument is without merit, however, because where the language of an insurance policy is clear and unambiguous, the rules of construction are inapplicable. *See Rice v. Shelter Mut. Ins. Co.*, 301 S.W.3d 43, 47 (Mo. banc 2009).

In sum, it is undisputed here that the owned-vehicle exclusion and the minimum-financial-responsibility clause, when read together with all other applicable coverage provisions, excludes UM coverage for more than the minimum required $25,000 for bodily injury sustained when, as in this case, the insured owns and occupies a vehicle not insured for coverage under the policy or policies at issue (here, policies 2 through 5). Because the plain and unambiguous

language of the any-other-insurance clause does not affect or preclude the exclusionary provisions giving rise to the exclusion above that required amount and, indeed, confirms that they remain "unchanged" in the event such other insurance exists, the trial court did not err in granting American Family's motion for summary judgment or in denying Copling's motion for summary judgment.  Point denied.

## Decision

The trial court's judgment is affirmed.

GARY W. LYNCH, J. – OPINION AUTHOR

JEFFREY W. BATES, CJ/PJ – CONCURS

MARY W. SHEFFIELD, J. – CONCURS