

# Missouri Court of Appeals
## Southern District

### In Division

SAMMY WOODS,              )
                                     )
      Plaintiff-Respondent,     )
                                     )
v.                               )     No. SD38381
                                     )
TRADERS INSURANCE COMPANY,   )     **Filed: August 20, 2024**
                                   )
      Defendant-Appellant.      )

APPEAL FROM THE CIRCUIT COURT OF LAWRENCE COUNTY

Honorable David A. Cole

**<u>REVERSED AND REMANDED WITH DIRECTIONS</u>**

This appeal requires us to interpret the language of an automobile insurance policy ("the Policy"). Sammy Woods's ("Insured") 2016 Ford F350 Super Duty truck ("the Vehicle") was insured by Trader's Insurance Company ("Traders"). After Insured was involved in a multiple-car accident that took place on or about July 1, 2018 (the "Incident"), Insured filed a claim with Traders to cover the resulting damage to the Vehicle. Traders denied coverage on the ground that it was excluded under the Policy's business and delivery exclusions.

Insured then sued Traders for breach of contract ("Count 1") and vexatious refusal to pay ("Count 2"). After the parties filed competing motions for summary judgment, the

1

circuit court granted Insured's motion as to Count 1 and entered judgment accordingly.[1] Because we conclude that coverage for the Incident was excluded under the Policy's delivery related business exclusion, we vacate the judgment in favor of Insured and direct the circuit court to enter a judgment in favor of Traders.

## The Policy Language

The relevant portions of the Policy are as follows.

## DEFINITIONS

. . . .

***Delivery Related Business*** - means the ownership, maintenance, or use of any ***car***, or ***trailer***, or any other motor vehicle while being used to carry animals, ***persons***, or property for compensation of any type, including (but not limited to) taxi services, or the delivery of food, magazines, newspapers, or any other product.  This definition does not include[ ] shared-expense car pools [sic].

. . . .

## EXCLUSIONS

*We* will not pay for:

1. Loss to ***your insured car*** or any ***non-owned car*** which occurs while it is being used in a ***delivery related business***[.]

## The Uncontroverted Material Facts

"[W]hen reviewing a summary judgment, we may only review the undisputed material facts established by the process set forth in Rule 74.04(c); we do *not* review the entire trial court record."  *Alvis v. Morris*, 520 S.W.3d 509, 512 (Mo. App. S.D. 2017).

---

[1] The judgment is final for appeal as Count 2 was resolved in a bench trial, after which the circuit court entered a judgment in favor of Traders on that remaining claim.  Insured does not appeal that judgment, so all claims in the case have been resolved.

We may also consider the procedural history of the case as set forth in the legal file. *See Jones v. Am. Fam. Mut. Ins. Co., S.I.*, 632 S.W.3d 482, 484 n.1 (Mo. App. W.D. 2021).

At the time of the Incident, Insured was traveling from Arkansas to Missouri and was towing a trailer carrying approximately 1,900 chickens that he acquired in Arkansas. After the Incident, Insured completed a transaction in which he traded the surviving chickens for a 24 ft. flatbed trailer worth approximately $5,000. Insured had entered into the agreement to barter approximately 1,900 chickens for a trailer before the Incident occurred.

Insured listed the Vehicle as a business vehicle in his tax returns, and he claimed its use as 100% business-related. The business is described in his tax returns as "cattle, chickens and dogs[.]" Insured's application to Traders for insurance specifically notes that the Vehicle would not be used for business-related activities.

**Standard of Review**

> Generally, an order denying a party's motion for summary judgment is not a final judgment and is therefore not subject to appellate review. *Hussmann Corp. v. UQM Electronics, Inc.*, 172 S.W.3d 918, 922 (Mo. App. E.D. 2005). The denial of a motion for summary judgment, however, may be reviewable when, as in this case, the merits of the motion for summary judgment are "intertwined with the propriety of an appealable order granting summary judgment to another party." *See id.*

*Shelter Mut. Ins. Co. v. Hill*, 688 S.W.3d 638, 644 (Mo. App. W.D. 2024) (quoting *Columbia Mut. Ins. Co. v. Heriford*, 518 S.W.3d 234, 238 n.2 (Mo. App. S.D. 2017)). Our review is *de novo*, and summary judgment "is only proper if the moving party establishes that there is no genuine issue as to the material facts and . . . the movant is entitled to judgment as a matter of law." *Id.* at 643-44.

## Analysis

Trader's first point claims the circuit court "erred in denying Summary Judgment in favor of [Traders] because the uncontroverted material facts demonstrated that the loss was excluded from coverage in that the Vehicle was being used for [Insured]'s business or delivery purposes." We agree, and it is dispositive of this appeal.[2]

As earlier noted, the Policy states that it will not pay for a loss that occurs while the Vehicle is "being used in a ***delivery related business***[,]" and the Policy defines a delivery related business as the use of the Vehicle "while being used to carry animals, ***persons***, or property for compensation of any type[.]" Via the SUMF, the parties established the following uncontroverted facts.

> At the time of the [Incident], [Insured] was hauling a trailer carrying approximately 1900 chickens he acquired in Arkansas. . . .
>
> Following the Incident, [Insured] completed a transaction where he traded the surviving chickens for a twenty-four-foot flatbed trailer worth approximately $5000.00. . . .
>
> [Insured] entered into the agreement to barter approximately 1900 chickens for a trailer before the Incident occurred. . . .
>
> [Insured] listed the Vehicle as a business vehicle in his tax returns and listed it as 100% business related use. Further, the business itself is listed in [Insured]'s tax returns as "cattle, chickens and dogs"[.]

Thus, it is uncontroverted that Insured used the Vehicle to carry animals[3] for compensation in that he was using the Vehicle to transport chickens that he later traded

---

[2] Traders' alternative second point claims the circuit court "erred in granting Summary Judgment in favor of [Insured] if there was a material issue of fact concerning whether the Vehicle was used for [Insured]'s business or delivery purposes."

[3] Insured does not argue that chickens (birds) are not "animals" under the Policy, and, in any event, the chickens would also be included in the category of "property[,]" which is included in the definition of delivery related business.

for a flatbed trailer. Accordingly, coverage was excluded under the delivery related business exclusion in the Policy.[4]

The circuit court's judgment in favor of Insured on Count 1 is reversed. And because the denial of Traders' motion for summary judgment is intertwined with the impropriety of the grant of summary judgment in favor of Insured, *see **Hussmann**,* 172 S.W.3d at 922, the matter is remanded to the circuit court to enter a judgment in favor of Traders on Count 1.


DON E. BURRELL, J. – OPINION AUTHOR

JACK A. L. GOODMAN, J. – CONCURS

MATTHEW P. HAMNER, J. – CONCURS

---

[4] Insured also argues that the Vehicle (a truck with more than 4 wheels) was not a *car* under the Policy. That argument fails because Insured admitted that the Vehicle was correctly listed as a *car* under the Policy. In addition, if the assertion were true, it would mean that the Vehicle was not insured by Travelers at all as the Policy defines an ***insured car*** as "Any *car* shown in the ***Declarations*** that is ***owned*** by ***you***[.]"