**Laura COONCE, Jacob Coonce and Lucas Coonce, Plaintiffs–Appellants,**

v.

**Richard SIMONS, R.N., Defendant–Respondent.**

No. SD 34597

Missouri Court of Appeals, Southern District, **Division One.**

Filed: June 14, 2017

Attorneys for Appellants: Kimberly D. Tyler of Bonne Terre, MO and Joseph L. Goff of Farmington, MO

Attorney for Respondent: Scott R. Pool of Jefferson City, MO

JEFFREY W. BATES, P.J.—
OPINION AUTHOR

After the death of Melvin Coonce (Coonce), Coonce's surviving spouse and sons (hereinafter referred to collectively as Plaintiffs) filed a wrongful death suit against Richard Simons (Defendant). The petition alleged that Defendant's negligent nursing care caused or contributed to cause Coonce's death. Defendant moved for summary judgment on the ground that Plaintiffs had not produced, and would not be able to produce, evidence sufficient to allow the trier of fact to find that Defendant's acts or omissions caused or contributed to cause Coonce's death. The trial court granted summary judgment in favor of Defendant.

Plaintiffs contend the grant of summary judgment was erroneous because there are genuine issues of material fact that require a trial to resolve. We disagree and affirm the summary judgment entered in favor of Defendant.

### Standard of Review

A summary judgment shall be granted "[i]f the motion, the response, the reply and the sur-reply show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law ...." Rule 74.04(c)(6); *Schnurbusch v. W. Plains Reg'l Animal Shelter*, 507 S.W.3d 675, 679 (Mo. App. 2017).[1] As a defending party,

---

1. All rule references are to Missouri Court Rules (2017).

Defendant may establish a right to summary judgment by showing: (1) facts negating any one of the claimant's elements facts; (2) the claimant, after an adequate period of discovery, has been unable, and will not be able, to produce evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements; or (3) the undisputed facts support each of the necessary elements of the defending party's properly pleaded affirmative defense. *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 381 (Mo. banc 1993). "Each of these three means establishes a right to judgment as a matter of law." *Lindsay v. Mazzio's Corp.*, 136 S.W.3d 915, 920 (Mo. App. 2004). Because the propriety of summary judgment is purely an issue of law, we review the grant of a summary judgment *de novo*. *Id.* at 919.

### Factual and Procedural Background

■ "Facts come into a summary judgment record *only* via Rule 74.04(c)'s numbered-paragraphs-and-responses framework." *Jones v. Union Pacific R.R. Co.*, 508 S.W.3d 159, 161 (Mo. App. 2016) (emphasis in original). As required by Rule 74.01(c)(1), Defendant attached a statement of uncontroverted material facts to his summary judgment motion. Each statement of uncontroverted material fact was admitted by Plaintiffs. We have used those statements of uncontroverted material fact to prepare the following summary of relevant facts.

In October 2006, Coonce was incarcerated in the Camden County Jail. Defendant was employed as a registered nurse for the jail and provided medical services to prisoners. Coonce had a medical history of high blood pressure and nephrotic kidney syndrome. His nephrotic kidney syndrome caused cramps, dizziness, edema and fatigue. In January 2007, Coonce was transferred to Lake Regional Medical Center where he subsequently died due to a "cardiovascular accident," coronary artery disease and hypertension. Thereafter, Plaintiffs filed suit against Defendant. The petition alleged that Defendant violated the standard of nursing care and was negligent in 17 separate respects. Grouped topically, those allegations generally related to: (1) Defendant's failure to document aspects of Coonce's care; (2) Defendant's failure to timely identify particular symptoms of Coonce's declining health; and (3) Defendant's failure to timely communicate those particular symptoms to a physician. Plaintiffs alleged that Defendant's negligent nursing care caused or contributed to cause Coonce's death.

Denise Brown (Nurse Brown) was the only expert witness who addressed the causation issue for Plaintiffs. Nurse Brown holds an associate's degree and a bachelor's degree in nursing. She is not a licensed physician. With respect to the cause of Coonce's death, Nurse Brown opined that "if there had been timely intervention there is a good possibility that Mr. Coonce would have recovered from the fungal infection." Defendant obtained a contrary expert opinion from Dr. James Jungles (Dr. Jungles). Dr. Jungles, who is board certified in family medicine, was employed by Camden County as the jail physician. Dr. Jungles opined, within a reasonable degree of medical certainty, that the care and treatment provided by Defendant to Coonce at all times met or exceeded the applicable standard of care. Dr. Jungles also opined, within a reasonable degree of medical certainty, that Defendant's acts or omissions did not cause or contribute to cause Coonce's death.

### Discussion and Decision

■ Plaintiffs present one point on appeal. They contend the trial court erred in

granting summary judgment for Defendant because there is a genuine issue of material fact concerning causation. Plaintiffs rely upon Nurse Brown's opinion on causation to create that factual dispute.[2]

A plaintiff bringing a wrongful death claim based upon medical malpractice must show: (1) the defendant's act or omission failed to meet the required medical standard of care; (2) the defendant's act or omission was negligently performed; and (3) the defendant's act or omission caused the decedent's death. *See, e.g., Sundermeyer v. SSM Reg'l Health Servs.*, 271 S.W.3d 552, 554 (Mo. banc 2008). To preclude a summary judgment on the issue of causation, a plaintiff must demonstrate that there are genuine issues of material fact regarding whether the defendant's conduct was both the cause-in-fact and the proximate cause of the decedent's death. *Id.*; *Tompkins v. Cervantes*, 917 S.W.2d 186, 190 (Mo. App. 1996). To establish causation-in-fact, a wrongful death plaintiff must establish that, but for the defendant's actions or inactions, the decedent would not have died. *Sundermeyer*, 271 S.W.3d at 554; *Watson v. Tenet Healthsystem SL, Inc.*, 304 S.W.3d 236, 240 (Mo. App. 2009). In addition, a plaintiff must also present evidence of legal causation, which may act to bar recovery in a negligence action when the cause is remote or intervening events arise. *Sundermeyer*, 271 S.W.3d at 555; *Tompkins*, 917 S.W.2d at 190. "In a medical malpractice case, where proof of causation requires a certain degree of expertise, the plaintiff must present expert testimony to establish causation." *Sundermeyer*, 271 S.W.3d at 554.

Plaintiffs argue that the trial court's ruling was erroneous because: (1) Nurse Brown was qualified to provide an expert opinion as to the cause of Coonce's death; and (2) her opinion was sufficient to create a genuine issue of material fact as to causation. We disagree.

"Generally, licensed medical doctors testify as medical experts. On certain limited medical subjects, however, other persons have been permitted to testify." *Sigrist By and Through Sigrist v. Clarke*, 935 S.W.2d 350, 357 (Mo. App. 1996).

> A registered nurse is authorized by Section 335.016[ (15)-(16) RSMo Cum. Supp. 2013] to make an "assessment" of persons who are ill and to render a "nursing diagnosis" in her capacity as a professional adjunct to the treating physician. *Cignetti v. Camel*, 692 S.W.2d 329, 337 (Mo. App. 1985). "There can be no question that a nurse undertakes only a nursing diagnosis, as opposed to a medical diagnosis, when she or he finds or fails to find symptoms described by physicians in standing orders and protocols for the purpose of administering courses of treatment prescribed by the physician in such orders and protocols." *Sermchief v. Gonzales*, 660 S.W.2d 683, 689-90 (Mo. banc 1983).

*Sigrist*, 935 S.W.2d at 357.

Plaintiffs acknowledge these principles, but they attempt to distinguish this case on the ground that "Nurse Brown's expert opinion relates to the substandard nursing practices of [Defendant], not to a final medical diagnosis." While that argument

---

**2.** After Defendants moved for summary judgment, Plaintiffs elected to stand on Nurse Brown's affidavit and did not request any additional time to secure another expert. Plaintiffs also make no argument that the allegations in their petition present that rare medical malpractice case in which expert testimony would not be required. *See McLaugh-*

*lin v. Griffith*, 220 S.W.3d 319, 322-24 (Mo. App. 2007) (providing a thorough discussion of the rule and the narrow exceptions where it has been applied); *Super v. White*, 18 S.W.3d 511, 516 (Mo. App. 2000) (setting forth the rule and finding allegations similar to this case "obviously required" expert medical testimony).

might have merit on the issue of whether Nurse Brown was competent to testify about the nursing standard of care, it is misdirected here. The issue presented by this appeal is whether Nurse Brown's opinion provided competent evidence of causation in this wrongful death case.

When an expert's opinion as to cause of death is necessary, that expert must be a medical doctor. *See, e.g., **Hagen v. Celotex Corp.**,* 816 S.W.2d 667, 675 (Mo. banc 1991) (noting that expert testimony from a doctorate-level chemist/toxicologist was not competent evidence of the cause of a decedent's death); ***Barker v. Schisler***, 329 S.W.3d 726, 735 (Mo. App. 2011) (finding that an expert with a bachelor's degree in chemistry, a master's degree in medical biology and a Ph.D. in toxicology was not competent to testify as to the cause of a decedent's death because he was not a medical doctor); 34 Mo. Prac., Personal Injury and Torts Handbook § 55:11 (2016 ed.) ("[w]hen expert testimony is required as to cause of death, that expert must be a medical doctor"). Plaintiffs have cited no relevant authority supporting their argument that Nurse Brown's opinion was competent evidence of the cause of Coonce's death.

Because Defendant established as a matter of law that Plaintiffs would be unable to present sufficient evidence for the trier of fact to find the essential element of causation via Nurse Brown's testimony, the trial court correctly granted summary judgment to Defendant. Plaintiffs' point is denied, and the entry of summary judgment in Defendant's favor is affirmed.

DON E. BURRELL, J.—CONCUR

MARY W. SHEFFIELD, C.J.—CONCUR