

# Missouri Court of Appeals

## Southern District

### Division Two

JOHNATHAN BOSWELL, )
)
    Appellant, )
) No. SD37077
vs. )
) **FILED: March 2, 2022**
THOMAS J. O'NEIL, DWIGHT BETHUREM,)
AMIE BOSWELL DEWANE, )
JAMES B. BOSWELL, )
JOSEPH A. BOSWELL, and INDEPENDENT )
STAVE COMPANY, LLC, JOHN DOE(S), )
and JANE DOE(S), )
)
    Respondents. )

APPEAL FROM THE CIRCUIT COURT OF LACLEDE COUNTY

Honorable Judge James S. Grantham

## AFFIRMED

Johnathan Boswell ("Appellant") appeals the judgment in favor of trustees, Thomas J. O'Neil ("O'Neil") and Dwight Bethurem ("Bethurem") (collectively, "trustees"), Amie Boswell Dewane, James B. Boswell, Joseph A. Boswell (collectively, "siblings"), Independent Stave Company, LLC ("ISCO"), and John and Jane Does (collectively, "Respondents") in a trust action involving the Lois K. Boswell Trust dated December 30, 1983 ("the Trust"). The trial court granted summary judgment in favor of Respondents on two grounds: (1) section 456.10-1005's five-year statute of limitations, barring Appellant's breach of trust claim; and (2) the claim

preclusion doctrine, barring all other claims.[1]  Appellant raises five points on appeal.  Finding no merit in Appellant's points, we affirm the judgment.

## Background

In 1983, Lois K. Boswell ("Lois") executed the Trust for the benefit of her adult son and his children, including Appellant and siblings.[2]  The Trust provided Appellant and siblings with one share apiece to be administered as separate trust estates for each child with full distribution of the principal to be made on his or her 29th birthday.  Pursuant to the terms of the Trust, Appellant's interest in the Trust terminated no later than his 29th birthday on June 19, 2012.

Lois died in 2001.  Following Lois's death, Appellant was involved in two civil cases involving members of the Boswell family and ISCO Holding Company in Florida, which settled in 2006 (the "2006 Severance and Settlement Agreement").[3]  As a result of that settlement, Appellant was paid in excess of $8,680,898.20.

In December 2019, Appellant sued siblings, trustees, and ISCO in Missouri.  His petition asserted claims for a breach of trust agreement against all Respondents, tortious interference with an inheritance expectancy against all Respondents, unjust enrichment against siblings, ISCO, and John and Jane Doe, and money had and received against siblings, ISCO, and John and Jane Doe.  Appellant alleged the trustees withheld or concealed information related to his beneficial interest in the Trust and that Trust assets were redistributed to siblings and ISCO.[4]  Respondents filed their answer and raised the affirmative defenses of section 456.10-1005's statute of limitations, claim preclusion, and accord and satisfaction.

---

[1] RSMo Section 456.10−1005 was adopted in 2004.  All rule references are to Missouri Court Rules 2020.
[2] Because many of the parties share the same last name, we refer to Lois Boswell by her first name to avoid confusion.  No disrespect is intended.
[3] ISCO is a different entity than ISCO Holding Company.  It is unclear from the statement of uncontroverted material facts and responses what causes of actions were alleged in these two lawsuits.
[4] He also alleged Trust assets were redistributed to the predecessor in interest of ISCO, and/or some other individuals whose identities are currently unknown.

Respondents moved for summary judgment on all claims in Appellant's petition.[5]  In the motion for summary judgment, Respondents argued that they were entitled to judgment as a matter of law because:

1.  [Appellant] executed settlement agreements dated as of August 19, 2006 whereby he released all claims which he now attempts to remake,
2.  The R.S.Mo. § 456.10-1005 statute of limitations bars [Appellant's] claims, in that more than five years have elapsed since the termination of his interest in the Trust and/or the termination of the trust, *Ellison v. Fry,* 437 S.W.3d 762, 765 (Mo. 2014), and/or
3.  The claim preclusion doctrine bars the claims, in that the claims made by [Appellant] are or should have been made in prior litigation.  *See Younghaus v. Lakey*, 559 S.W.2d 30 (Mo. Ct. App. W.D. 1977).

Respondents' joint summary judgment motion was accompanied by a 14-paragraph statement of uncontroverted material facts.  Appellant filed the following response to Respondents' statement of uncontroverted material facts:

1. [Appellant] executed a Limited General Release between [Appellant], et al., and ISCO Holding Company, et al., dated as of August 19, 2006.  [Ex. (a)].  Para. 5(a), Affidavit of David Waugh, Ex. 1.

RESPONSE:  Admit.

2. [Appellant] executed a Severance and Settlement Agreement [Appellant], et al., and ISCO Holding Company, et al., dated as of August 19, 2006.  [Ex. (b)].  Para. 5(b), Aff. of David Waugh, Ex. 1.

RESPONSE:  Admit.

3. A Stipulation and Final Order of Dismissal with Prejudice of the action Tiffany S. Boswell, et al., v. John J. Boswell, et al., 15th Judicial Circuit, Palm Beach County, Florida, Case No. 50 2003 CA-011883 AN, was previously filed in that action.  [Ex. (c)].  Para. 5(c), Aff. of David Waugh, Ex. 1.

RESPONSE: Admit.

4. A Stipulation of Voluntary Dismissal with Prejudice of the action Tiffany S. Boswell, et al., v. John J. Boswell, et al., 15th Judicial Circuit, Palm Beach County, Florida, Case No. 50 2003 CA-011883 AN, was previously filed in that action.  [Ex. (d)].  Para. 5(d), Aff. of David Waugh, Ex. 1.

---

[5] Respondent O'Neil filed a motion to join the other Respondents' motion for summary judgment, which was granted.

RESPONSE: Deny. Respondents' Exhibit 1(d) is the same as Respondents' Exhibit 1(c) and is entitled "Stipulation and Final Order of Dismissal With Prejudice" dated October 23, 2006.

5. A Stipulation of Voluntary Dismissal with Prejudice of the action Tiffany S. Boswell, et al., v. John J. Boswell, et al., 15th Judicial Circuit, Palm Beach County, Florida, Case No. 50 2003 CA-012396 AN, was previously filed in that action. [Ex. (e)]. Para. 5(e), Aff. of David Waugh, Ex. 1.

RESPONSE: Admit.

6. [Appellant] was paid in excess of $8,680,898.20 as consideration for the Limited Release, Severance and Settlement Agreement and the dismissals of the two previously filed lawsuits. See Boswell Severance and Settlement Agreement Distribution Accounting. [Ex. (f)]. Para. 5(f), Aff. of David Waugh, Ex. 1.

RESPONSE: Admit.

7. Ex. (g) is an accounting of payments made to [Appellant] directly from his sub-trust's account pursuant to the Lois K. Boswell Irrevocable Trust dated December 30, 1983, as part of an audit by BDK, LLP requested by the Trust. Para. 5(g), Aff. of David Waugh, Ex. 1.

RESPONSE: Deny and move to strike. Respondents' citation to the record does not support the facts asserted. There is no Paragraph 5(g) within Mr. Waugh's affidavit attached as Exhibit 1 to Respondents' motion. Moreover, Mr. Waugh's affidavit does not properly authenticate the purported accounting attached to his affidavit as Exhibit (g). Mr. Waugh does not testify: (1) that he is or was trustee of the Lois K. Boswell Irrevocable Trust dated December 30, 1983; or (2) that he is or was an employee of BDK, LLP; or (3) that the purported accounting is a business record of ISCO Holding Company or Independent Stave Company which satisfies the requirements of Mo. Rev. Stat. §§ 490.680, 490.692.

8. Ex. (g) was made based upon a review of original banking documents. Para. 6, Aff. of David Waugh, Ex. 1 and Para. 8, Affidavit. of [Bethurem], Ex. 2.

RESPONSE: Deny and move to strike. Respondents' citation to the record does not support the fact asserted. Mr. Waugh's affidavit and [Bethurem's] affidavit lack foundation to show that the entirety of Exhibit (g) was based on a review of original banking documents, or how they would have personal knowledge of that fact. Paragraph 10 of [Bethurem's] affidavit alleges that the original banking documents that purportedly serve as the basis for Exhibit (g) were destroyed.

9. Ex. (j) are business records of Commerce Bank [Appellant] sub-trust of the Trust, reflecting payments and transfers made to or on account of [Appellant] for the February 2006 to February 2008 time period.

RESPONSE: Admit that Exhibit (j) constitutes business records of Commerce Bank for an account titled in the name of the "Boswell Family Trust FBO Johnathan Boswell dated 12-22-83, Paul Walker Trustee" ending in 3401, and that said records reflect payments and transfers to or for the benefit of

4

[Appellant] between April 2006 and October 2006. Petitioner denies the balance of Paragraph 9. See Respondents' Exhibit (j).

10. All of the payments on account of [Appellant] referenced in Exhibits (f), (g), and (j) were made as indicated in said exhibits either directly to [Appellant] or on [Appellant's] behalf. Para. 8, Aff. of David Waugh, Ex. 1 and Para. 9, Aff. of [Bethurem], Ex. 2.

RESPONSE: Admit that the payments identified in Exhibits (f) and (j) for the benefit of [Appellant] were made to him. Petitioner denies the balance of Paragraph 10 and moves to strike as the portion of Paragraph 8 of Mr. Waugh's affidavit regarding Exhibit (g), as well as Paragraph 9 of [Bethurem's] affidavit regarding Exhibit (g), lack foundation. See Responses to Paragraphs 7 and 8, above.

11. [Bethurem] on October 6, 2004 gave a deposition in the case of Tiffany Boswell, et al., v. John Boswell, et al., Circuit Court of the Fifteenth Judicial Circuit, Palm Beach County, Florida, Case No. 502003CA011883XXOCAJ, which is attached as Ex. (h). Paragraph 4, Aff. of [Bethurem], Ex. 2.

RESPONSE: Admit.

12. At the October 6, 2004 deposition, [Bethurem] produced a true and correct copy of the Lois K. Boswell Irrevocable Trust dated December 30, 1983 which was marked as Ex. 24 to said deposition and is attached as Ex. (i). Paras. 3 and 5, Aff. of [Bethurem], Ex. 2.

RESPONSE: Admit.

13. [Appellant] turned 29 years of age on June 19, 2012. [Appellant's] Second Amended Petition, paragraph 12.

RESPONSE: Admit

14. Pursuant to the terms of the Trust, [Appellant's] interest under the Trust terminated no later than [Appellant's] 29th birthday on June 19, 2012. Trust at Article I, paragraph B(5). Ex. (i) at page 5.

RESPONSE: Admit.

The trial court granted Respondents' motion for summary judgment, finding "that as a matter of law § 456.10-1005 is the appropriate statute of limitations and [Appellant's breach of trust count] is time barred." The trial court "also [found] that the claim preclusion doctrine bars all other claims made by [Appellant]." Appellant appeals from that summary judgment in five points.

**Standard of Review and Applicable Legal Principles**

Our review of the trial court's decision to grant summary judgment is *de novo*. **Green v. Fotoohighiam**, 606 S.W.3d 113, 115 (Mo. banc 2020). "Our *de novo* standard of review means that we look at the summary judgment issues presented on appeal as the trial court should have initially under Rule 74.04, and we give no deference to the trial court's ruling." **Great Southern Bank v. Blue Chalk Constr., LLC**, 497 S.W.3d 825, 834 (Mo. App. S.D. 2016). We review the record in the light most favorable to the party against whom summary judgment was entered, and that party is entitled to the benefit of all reasonable inferences from the record. **Green**, 606 S.W.3d at 115-16.

"Summary judgment practice in Missouri is governed by Rule 74.04 and [our Supreme Court's] decision in **ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.**, 854 S.W.2d 371 (Mo. banc 1993)." **Green**, 606 S.W.3d at 116. Summary judgment "shall be entered if 'there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law.'" **State ex rel. Koster v. Olive**, 282 S.W.3d 842, 846 (Mo. banc 2009) (citing Rule 74.04(c)(6)).

While we apply *de novo* review to summary judgment, it does not grant appellants a license to craft arguments free from the constraints of Rule 74.04. **Blue Chalk**, 497 S.W.3d at 836. "Rather, our *de novo* decision on appeal must be in accordance with *all* the requirements of Rule 74.04 and, therefore, must be made in the very same manner the trial court should have applied that rule in the first instance." **Id.**

Summary judgment under Rule 74.04 involves a three-step inquiry. **Id.** at 828-29. "[T]he first inquiry is the identification of the movant and whether the movant is a 'claimant,' *see* Rule 74.04(a), or a 'defending party,' *see* Rule 74.04(b)." **Id.** at 828. Here, Respondents are movants and a "defending party" since they are the parties that filed the motion for summary judgment based on certain affirmative defenses.

The second inquiry is whether the movant's motion for summary judgment properly pleads all of the elements as detailed in Rule 74.04(c)(1), sometimes called the *prima facie* showing. *Id.* "This Rule 74.04(c)(1) inquiry focuses only upon the movant's summary judgment motion and its required elements." *Id.* at 829. As a defending party, Respondents may establish a right to summary judgment by showing the undisputed facts support each of the necessary elements of the defending party's properly pleaded affirmative defense.[6] *Coonce v. Simons*, 520 S.W.3d 821, 823 (Mo. App. S.D. 2017). Here, Respondents sought summary judgment based on the affirmative defenses of section 456.10-1005's five-year statute of limitations, claim preclusion, and release.

"The third and final inquiry occurs only when the movant has made 'a prima facie showing that there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law[.]'" *Blue Chalk*, 497 S.W.3d at 829 (quoting *ITT*, 854 S.W.2d at 381). Points 1, 3 and 5 challenge summary judgment on this basis—whether a genuine issue of material fact exists. Points 2 and 4 challenge summary judgment on the grounds that the trial court misapplied the law.

**Point 1: The Affirmative Defense of Section 456.10-1005's Statute of Limitations – Genuine Issue of Material Fact**

Point 1 relates to the entry of summary judgment in favor of trustees on Appellant's breach of trust claim based on section 456.10-1005's five-year statute of limitations. In point 1, Appellant argues there was a *genuine issue of material fact* as to whether Appellant's cause of action was filed more than five years after Appellant's interest in the Trust terminated.[7] Because

---

[6] There are two other ways a defending party may establish a right to summary judgment: (1) by showing undisputed facts negating any one of the claimant's elements; and (2) the claimant, after an adequate period of discovery, has been unable, and will not be able, to produce evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements. *Id.* These, however, are not relevant to this appeal.

[7] Section 456.10-1005, in relevant part, states:

> a judicial proceeding by a beneficiary against a trustee for breach of trust must be commenced within five years after the first to occur of:

this point challenges only whether a genuine issue of material fact exists (and not whether Respondents made a *prima facie* showing of their affirmative defense of the statute of limitations), this is a challenge to the third inquiry of summary judgment and our analysis is confined to that inquiry.

Under the third inquiry (*i.e.,* whether a dispute as to a genuine issue of material fact exists), the non-movant has the burden to show that one or more of the material facts shown by movants are, in fact, genuinely disputed. **Id.** To show there is a genuine dispute about a material fact, the non-movant must not only deny the alleged material fact, but must support that denial with specific references to the discovery, exhibits, or affidavits that demonstrate specific facts showing a genuine issue for trial. **Id.** Unless contradicted by the non-moving party's response, facts in support of the party's motion are accepted as true. **Green**, 606 S.W.3d at 116. Finally, only genuine issues as to material facts—facts from which the right to judgment flows—preclude summary judgment. **Id.** at 115. A genuine issue exists "where the record shows two plausible but contradictory accounts of the essential facts[.]" **Sundermeyer v. SSM Reg'l Health Services**, 271 S.W.3d 552, 553–54 (Mo. banc 2008). "[A] relevant, cogent, and logical argument on appeal that a genuine issue exists as to a particular material fact must necessarily track the Rule 74.04 requirements." **Blue Chalk**, 497 S.W.3d at 834.

To track the Rule 74.04 requirements, Appellant must direct us to the particular Rule 74.04 numbered paragraphs in Respondents' statement of uncontroverted material facts and his response that shows the fact is genuinely in dispute. *See id.* at 834. Appellant fails to do this. Instead of identifying any specific denial of a Rule 74.04 numbered paragraph, Appellant argues that "there is a genuine issue of material fact as to whether [Appellant] ever received final

---

. . .

(2) the termination of the beneficiary's interest in the trust[.]

§ 456.10-1005**.**

distribution from his sub-trust which would have terminated his beneficial interest in the Trust[.]" But this argument is not linked to any of his responses pursuant to Rule 74.04(c). In fact, Appellant does not point us to any of his Rule 74.04 numbered paragraphs where he denies such a material fact. "Arguments, such as this, that are completely disconnected from the numbered paragraph material facts in the summary judgment record, as required by Rule 74.04, are analytically useless in an appellate review that requires this [C]ourt to properly apply Rule 74.04." *Id.* at 835. As this Court explained in ***Blue Chalk***:

> To grant such relief in accordance with Rule 74.04 would require us to identify for Appellants the particular numbered paragraph material fact in the summary judgment record that corresponds to the relevant cited case-law element, ascertain whether Appellants' cited portions of the exhibits are specifically referenced in their denial in their response to that particular numbered paragraph, and then, if so, fashion an argument for Appellants as to how those specifically referenced portions of those exhibits establish a plausible but contradictory account of that fact, i.e., a genuine issue, as opposed to [Respondent's] specifically referenced evidentiary support for the existence of that particular numbered paragraph material fact. Such actions are the essence of advocacy and would thrust this [C]ourt into the prohibited role of an advocate for Appellants.

*Id.* at 835-36. This we will not do. Point 1 is denied.

### Point 2: Affirmative Defense of Section 456.10-1005's Statute of Limitations – Misapplication of the Law

Appellant's point 2 also fails. In point 2, Appellant argues the trial court erred in applying the same five-year statute of limitations as discussed above on the grounds that the terms of the 2006 Severance and Settlement Agreement did not terminate the Trust. This argument is meritless for at least two reasons. First, there is no indication the trial court concluded that the 2006 Severance and Settlement Agreement terminated the Trust. Rather, Appellant, himself, unequivocally admitted that the Trust terminated no later than his 29th birthday in 2012—over five years before he filed his petition in December 2019. Paragraph 14 of his response to Respondents' joint statement of uncontroverted material facts states:

> Pursuant to the terms of the Trust, [Appellant's] interest under the Trust terminated no later than [Appellant's] 29th birthday on June 19, 2012. Trust at Article I, paragraph B(5). Ex. (i) at page 5.

9

Response: Admit

This admission by Appellant was sufficient for the trial court to conclude there was no genuine issue of material fact that Appellant's interest in the Trust terminated no later than June 19, 2012.

Second, by admitting that his interest under the Trust terminated no later than June 19, 2012, Appellant waived any argument that the Trust terminated at some later time. "It is well settled that this Court will not permit a party to: (1) take a position on a matter that is directly contrary to, or inconsistent with, one previously assumed; or (2) complain on appeal about an alleged error in which he joined, acquiesced or invited by his conduct at trial." ***Potter v. Hy-Vee, Inc.***, 560 S.W.3d 598, 606 (Mo. App. S.D. 2018); *see **Klineline v. Klineline***, 481 S.W.3d 551, 554 (Mo. App. S.D. 2015); ***Ard v. Shannon Cty. Comm'n***, 424 S.W.3d 468, 476 (Mo. App. S.D. 2014). Appellant is bound by the admission he made in his response to Respondents' statement of uncontroverted material facts and may not now make a new argument on appeal. Point 2 is denied.

### Point 3: The Affirmative Defense of Claim Preclusion – Genuine Issue of Material Fact

In point 3, Appellant argues the trial court erred in determining the doctrine of claim preclusion barred Appellant's claims for tortious interference with an inheritance expectancy, unjust enrichment, and money had and received, claiming a *genuine issue of material fact* exists as to whether Appellant previously litigated or could have asserted these claims in the prior Florida litigation.[8] Again, this is a challenge to the third inquiry (*i.e.,* whether a genuine issue of material fact exists) and not a challenge to whether Respondents' properly pleaded each element of their affirmative defense of claim preclusion (*i.e.,* a challenge to Respondent's *prima facie*

---

[8] "Claim preclusion" is the modern term for *res judicata,* a Latin phrase meaning "a thing adjudicated." ***Dahn v. Dahn***, 346 S.W.3d 325, 331 (Mo. App. W.D. 2011). It acts as a bar to the reassertion of a cause of action that has been previously adjudicated between the same litigants or those in privity with them. ***Jeffrey v. Cathers***, 104 S.W.3d 424, 430 (Mo. App. E.D. 2003).

case).  Appellant's point 3 suffers from the same defects discussed in point 1.  He fails to identify any particular Rule 74.04 numbered paragraph connected to his argument that demonstrates a dispute as to any material fact.[9]  Point 3 is denied.

## Points 4 and 5:  The Affirmative Defense of Release

Points 4 and 5 claim the trial court erred in granting summary judgment in favor of Respondents on any of Appellant's claims based on the affirmative defense of release.  Point 4 claims the trial court misapplied the law in determining that the 2006 Severance and Settlement Agreement released Appellant's claims and Point 5 claims there is a genuine issue of material fact "in that [Appellant] has controverted Respondents' facts which alleged that [Appellant] previously released his claims in connection with the 2006 Severance and Settlement Agreement and the Limited General Release."

While the trial court found it was uncontroverted that the parties entered into a Severance and Settlement Agreement and Limited General Release in the 2006 litigation in Florida, the trial court did not enter summary judgment *based* on the affirmative defense of release.  Instead, the trial court found, as a matter of law, section 456.10-1005's statute of limitations barred Appellant's breach of trust claim and that *all other claims* were barred by the doctrine of claim preclusion.  Rule 84.13(b) does not permit this Court to reverse a trial court's judgment unless we find that error was committed by the trial court against an appellant materially affecting the merits of the action.  ***Empire Dist. Elec. Co. v. Coverdell***, 588 S.W.3d 225, 244 (Mo. App. S.D. 2019).  Appellant cannot demonstrate the trial court committed

---

[9] The only numbered paragraph referenced in Appellant's argument comes from Appellant's "Sur-Reply in Opposition to Respondents' Motion for Summary Judgment."  It does not come from a response to any statement of uncontroverted material fact.  In Appellant's sur-reply, he argued that Respondents "have tried to camouflage" additional material facts "within their reply memorandum in support."  Appellant then attempted to "deny" an "additional material fact" that was never actually included in the statement of uncontroverted material facts.  Because his "denial" was not in reference to any material fact, Appellant's argument fails.

11

an error in granting summary judgment based on the affirmative defense of release because the trial court did not, in fact, grant summary judgment based on release.  Points 4 and 5 are denied.

## Conclusion

The trial court's judgment is affirmed.

MARY W. SHEFFIELD, P.J. – Opinion Author

GARY W. LYNCH, C.J. – CONCURS

DON E. BURRELL, J. – CONCURS